**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar No. 269109)
kspelman@jenner.com
Alexander M. Smith (Cal. Bar No. 295187)
asmith@jenner.com
Madeline P. Skitzki (Cal. Bar No. 318233)
mskitzki@jenner.com
Effiong K. Dampha (Cal. Bar No. 323554)
edampha@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Telephone:     (213) 239-5100
Facsimile:     (213) 239-5199

Attorneys for Defendants
Reynolds Consumer Products Inc.
and Reynolds Consumer Products LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISABETH HANSCOM, on behalf of herself and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>REYNOLDS CONSUMER PRODUCTS INC. and REYNOLDS CONSUMER PRODUCTS LLC,<br><br>Defendants. | Case No. 4:21-cv-03434-JSW<br><br>The Honorable Jeffrey S. White<br><br>**DEFENDANTS REYNOLDS CONSUMER PRODUCTS INC. AND REYNOLDS CONSUMER PRODUCTS LLC'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:   August 13, 2021<br>Hearing Time:   9:00 a.m.<br>Courtroom:      5 (Oakland) |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on August 13, 2021 at 9:00 a.m., or as soon thereafter as the Court is available, in Courtroom 5 of the federal courthouse located at 1301 Clay Street, Oakland, CA 94612, Reynolds Consumer Products Inc. and Reynolds Consumer Products LLC (collectively "Reynolds") will, and hereby do, move to dismiss Plaintiff Lisabeth Hanscom's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that it fails to state a plausible claim on which relief can be granted.

Reynolds's Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, Reynolds's concurrently-filed Request for Judicial Notice and exhibits thereto, any additional briefing on this subject (including Reynolds's reply brief), and the evidence and arguments that will be presented to the Court at the hearing on this matter.


DATED:  June 29, 2021                    JENNER & BLOCK LLP

                          By:      /s/    Kate T. Spelman
                                         Kate T. Spelman

                                 Attorneys for Defendants
                                 Reynolds Consumer Products Inc. and
                                 Reynolds Consumer Products LLC

## SUMMARY OF ARGUMENT

Reynolds manufactures Hefty recycling bags, which are clear or blue transparent bags that hold recyclable waste and are designed for use in those municipal recycling systems that require them.  Plaintiff claims that the use of the term "recycling bags" is misleading because it falsely implies that Hefty recycling bags are *recyclable*.  This Court should dismiss Plaintiff's complaint for the following reasons:

1.      Plaintiff has not plausibly alleged that Reynolds's labeling is likely to deceive a reasonable consumer.  Reynolds does not state or suggest that Hefty recycling bags are recyclable, and her unreasonable misinterpretation of the term "recycling bag" does not suffice to establish that Reynolds's labeling is deceptive.  *See generally Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225 (9th Cir. 2019).  Her interpretation of the labeling also ignores the disclosure that Hefty recycling bags are "developed for use in municipal recycling programs where applicable."  And Plaintiff's challenges to Reynolds's website independently fail because she does not allege that she visited or relied on that website.

2.      Plaintiff has not stated a plausible fraud-by-omission claim, as she has not plausibly alleged that the recycling bags' alleged lack of recyclability is contrary to any affirmative representation on the packaging, that it affects the central functionality of the products, or that Reynolds has a duty to disclose this fact under California law.  *See generally Hodsdon v. Mars, Inc.*, 891 F.3d 857 (9th Cir. 2018).

3.      Plaintiff has not stated a plausible claim that Reynolds's labeling is unlawful.  Reynolds's use of the term "recycling bag" does not fall within the ambit of the environmental marketing statutes and regulations Plaintiff cites, which only apply to claims that a product is "recyclable, "biodegradable," or the like.  *See Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295 (2011).  Plaintiff's "unlawful" claim also does not relieve her of the burden of establishing that Reynolds's labeling is deceptive.  *See id.*  And her claim for "greenwashing" fails because the statute she invokes, Cal. Bus. & Prof. Code § 17580, does not provide a private right of action.  *See generally Mayron v. Google LLC*, 54 Cal. App. 5th 566 (2020).

4.      Plaintiff's claim for "unfair" business practices is premised on her subjective belief that recycling bags should not be used in the recycling process.  There is not a sufficient nexus between that belief and California's public policy to support an "unfair" claim.  *See Hodsdon*, 891 F.3d at 866.

5.      Plaintiff cannot seek an injunction or other equitable relief because she has an adequate legal remedy.  *See generally Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020).

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................1

BACKGROUND .........................................................................................................................2

ARGUMENT ..............................................................................................................................3

     I.       Plaintiff Fails To State A Plausible Claim Of Deception. ....................................3

           A.      Reynolds does not represent that Hefty recycling bags are "recyclable." ...............4

           B.      Plaintiff fails to state a plausible fraud-by-omission claim. ...................................7

           C.      Plaintiff cannot challenge any claims on Reynolds's website, which she did not visit.........................................................................................................................9

     II.      The Use Of The Phrase "Recycling Bag" Does Not Violate The EMCA And Is Not Unlawful. .....................................................................................................10

     III.    Reynolds's Labeling Of Hefty Recycling Bags Does Not Violate The UCL's "Unfair" Prong. .................................................................................................12

     IV.    Plaintiff Cannot Seek Equitable Relief Because She Has An Adequate Remedy At Law. ...................................................................................................................13

CONCLUSION...........................................................................................................................15

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4
5

*Adams v. Cole Haan, LLC*,
   No. 20-913, 2020 WL 5648605 (C.D. Cal. Sept. 3, 2020) ................................................... 14

6
7

*Andren v. Alere, Inc.*,
   207 F. Supp. 3d 1133 (S.D. Cal. 2016) .................................................................................. 9

8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .............................................................................................................. 3

9
10

*Barrett v. Apple Inc.*,
   --- F. Supp. 3d ----, 2021 WL 827235 (N.D. Cal. Mar. 4, 2021) ....................................... 10

11
12

*Becerra v. Dr. Pepper/Seven Up, Inc.*,
   945 F.3d 1225 (9th Cir. 2019) ..................................................................................... 4, 5, 6

13

*Boris v. Wal-Mart Stores, Inc.*,
   35 F. Supp. 3d 1163 (C.D. Cal. 2014) ................................................................................... 4

14
15

*C.W. v. Epic Games, Inc.*,
   No. 19-3629, 2020 WL 5257572 (N.D. Cal. Sept. 3, 2020) ................................................. 8

16
17

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Telephone Co.*,
   20 Cal. 4th 163 (1999) .................................................................................................. 12, 13

18

*Cheslow v. Ghirardelli Chocolate Co.*,
   445 F. Supp. 3d 8 (N.D. Cal. 2020) ...................................................................................... 5

19
20

*Clark v. Am. Honda Motor Co.*,
   --- F. Supp. 3d ----, 2021 WL 1186338 (C.D. Cal. Mar. 25, 2021) .................................... 15

21

*Daugherty v. Am. Honda Motor Co.*,
   144 Cal. App. 4th 824 (2006) ........................................................................................... 7, 8

22
23

*Farmers Ins. Exch. v. Superior Court*,
   137 Cal. App. 4th 842 (2006) ............................................................................................. 12

24
25

*In re Ferrero Litig.*,
   794 F. Supp. 2d 1107 (S.D. Cal. 2011) ............................................................................... 10

26

*Freeman v. Time, Inc.*,
   68 F.3d 285 (9th Cir. 1995) .................................................................................................. 6

27
28

*Gibson v. Jaguar Land Rover N. Am., LLC*,
   No. 20-769, 2020 WL 5492990 (C.D. Cal. Sept. 9, 2020) ................................................. 14

*Gregory v. Albertson's, Inc.*,
   104 Cal. App. 4th 845 (2002) ............................................................................................. 13

*Gudgel v. Clorox Co.*,
   --- F. Supp. 3d ----, 2021 WL 212899 (N.D. Cal. Jan. 21, 2021) ...................................... 5

*Ham v. Hain Celestial Grp., Inc.*,
   70 F. Supp. 3d 1188 (N.D. Cal. 2014) ............................................................................... 4

*Herron v. Best Buy Co.*,
   924 F. Supp. 2d 1161 (E.D. Cal. 2013)............................................................................... 9

*Hill v. Roll Int'l Corp.*,
   195 Cal. App. 4th 1295 (2011) ....................................................................... 4, 10, 11, 12

*Hodsdson v. Mars, Inc.*,
   891 F.3d 857 (9th Cir. 2018) ..................................................................... 7, 8, 12, 13

*Huynh v. Quora, Inc.*
   --- F. Supp. 3d ----, 2020 WL 7495097 (N.D. Cal. Dec. 21, 2020) .................................... 15

*Knowles v. ARRIS Int'l PLC*,
   847 F. App'x 512 (9th Cir. 2021) ....................................................................................... 8

*LiMandri v. Judkins*,
   52 Cal. App. 4th 326 (1997) ........................................................................................... 7, 8

*Lu v. Hawaiian Gardens Casino, Inc.*,
   50 Cal. 4th 592 (2010) ..................................................................................................... 12

*In re MacBook Keyboard Litig.*,
   No. 18-2813, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ............................................ 14

*Mayron v. Google LLC*,
   54 Cal. App. 5th 566 (2020) ............................................................................................ 12

*McCrary v. Elations Co.*,
   No. 13-242, 2013 WL 6403073 (C.D. Cal. July 12, 2013)............................................... 10

*Prescott v. Nestle USA, Inc.*,
   No. 19-7471, 2020 WL 3035798 (N.D. Cal. June 4, 2020)................................................ 4

*Qualcomm Inc. v. Compal Elecs., Inc.*,
   283 F. Supp. 3d 905 (S.D. Cal. 2017)............................................................................... 15

*Red v. Kraft Foods, Inc.*,
   No. 10-1028, 2012 WL 5504011 (C.D. Cal. Oct. 25, 2012)............................................... 6

*Rutledge v. Hewlett-Packard Co.*,
   238 Cal. App. 4th 1164 (2015) ......................................................................................... 8

NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS & AUTHORITIES
CASE NO. 4:21-cv-03434-JSW

*Scripps Clinic v. Superior Court*,
  108 Cal. App. 4th 917 (2003) ................................................................................. 13

*Shaeffer v. Califia Farms LLC*,
  44 Cal. App. 5th 1125 (2020) ................................................................................. 11

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ............................................................... 2, 13, 14, 15

*Stanwood v. Mary Kay, Inc.*,
  941 F. Supp. 2d 1212 (C.D. Cal. 2012) ................................................................... 7

*Sud v. Costco Wholesale Corp.*,
  229 F. Supp. 3d 1075 (N.D. Cal. 2017) ............................................................... 7, 9

*In re Vioxx Class Cases*,
  180 Cal. App. 4th 116 (2009) ................................................................................. 14

*Wilson v. Hewlett-Packard Co.*,
  668 F.3d 1136 (9th Cir. 2012) ................................................................................. 7

*Wolph v. Acer Am. Corp.*,
  No. 09-1314, 2009 WL 2969467 (N.D. Cal. Sept. 14, 2009) ................................... 9

*Yamauchi v. Cotterman*,
  84 F. Supp. 3d 993 (N.D. Cal. 2015) ....................................................................... 7

*Younan v. Equifax Inc.*,
  111 Cal. App. 3d 498 (1980) ..................................................................................... 9

**Statutes**

Cal. Bus. & Prof. Code § 17580 ...................................................................... 3, 10, 12

Cal. Pub. Res. Code § 40180 ........................................................................................ 5

Cal. Pub. Res. Code § 42355 .......................................................................... 3, 10, 11

**Other Authorities**

16 C.F.R. § 260.1 ........................................................................................................... 3

16 C.F.R. § 260.12 ....................................................................................................... 10

# **INTRODUCTION**

Many municipal recycling programs require residents to place their recycling in clear or transparent blue plastic "recycling bags."  To that end, Reynolds manufactures Hefty recycling bags, whose packaging states that they are "developed for use in municipal recycling programs where applicable."  Because the transparent bags permit both consumers and municipal waste employees to distinguish between recyclables and trash, Reynolds notes on the labeling that Hefty recycling bags are "transparent for quick sorting and curbside identification."  Plaintiff claims, however, that the term "recycling bag" is misleading because Hefty recycling bags are not *themselves* recyclable.  That theory of deception is fundamentally flawed.

Reynolds does not state, or even suggest, that Hefty recycling bags are recyclable.  Nor does the adjective "recycling" connote that the noun it modifies (such as a "recycling *bin*" or a "recycling *truck*") is capable of being recycled.  And while Plaintiff claims that a recycling bag cannot be "suitable for recycling" unless the bag is itself recyclable, her subjective and unreasonable interpretation of the term "recycling bag" does not suffice to state a plausible claim.  Because Plaintiff cannot point to any representation that suggests Hefty recycling bags are "recyclable," she has not stated a plausible claim.

This defect is fatal to all of Plaintiff's claims.  To the extent Plaintiff seeks to hold Reynolds liable on a theory of affirmative misrepresentation, that claim fails because Reynolds does not affirmatively represent its Hefty recycling bags as "recyclable" and does not make any representation that would lead a reasonable consumer to believe they are recyclable.  To the extent Plaintiff seeks to hold Reynolds liable on a fraud-by-omission theory (*i.e.*, that Reynolds failed to disclose that its recycling bags are not recyclable), that claim fails because the allegedly non-recyclable nature of Hefty recycling bags is not contrary to any representation on the packaging and is not a fact Reynolds has a duty to disclose.  And to the extent Plaintiff seeks to hold Reynolds liable for violating the FTC's "Green Guides" or California law governing environmental marketing claims, those claims fail because "recycling bag" is not a claim about recyclability and does not fall within the ambit of these statutes or regulations.

Leaving aside the core flaws in her theories of deception, Plaintiff's other claims — including her claims premised on Reynolds's website, her claim for "greenwashing," and her claim under the "unfair" prong of the UCL — are independently defective.  And to the extent Plaintiff seeks equitable relief, her claims fail because Plaintiff has not plausibly alleged that she lacks an adequate remedy at law — as is

required to seek equitable relief under California's consumer protection statutes.  *See generally Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020).  Because Plaintiff's theory of deception is fatally flawed, this Court should dismiss her lawsuit with prejudice and without leave to amend.

## BACKGROUND

Many municipalities in the United States have implemented recycling programs.  Although some municipalities require users to place recyclables in a recycling bin or other receptacle, other municipalities — including in California — require the use of "recycling bags," which are transparent blue or clear plastic bags designed to hold recyclable goods.  For example, the City of Auburn, which is located in the outskirts of Sacramento, has "implemented a residential recycling program called the 'Blue Bag Program,'" which requires residents to place recycling into a blue plastic bag.  *See* RJN Ex. 1.  The City of Mount Shasta, located near the California-Oregon border, has implemented a similar "Blue Bag Recycling Program" and directs residents to place recycling in blue bags for pickup.  *See* RJN Ex. 2.  And the City of Riverbank, a suburb of Modesto, directs its residents to place recycling in blue plastic bags as well.  *See* RJN Ex. 3.

To comply with the requirements of these recycling programs, Reynolds is one of several companies that manufacture recycling bags, which come in transparent blue and clear colors.  *See* Compl. ¶ 16.  The front packaging of Reynolds's Hefty recycling bags includes the Hefty logo, as well as the term "Recycling."  *See id.* ¶ 17.  The back of the package states that the recycling bags are "perfect for all your recycling needs," that they are "designed to handle all types of recyclables," and that they are "transparent for quick sorting and curbside identification."  *See id.* ¶¶ 18-19.  And the box also states that the bags were "developed for use in municipal recycling programs where applicable."  *Id.* ¶¶ 18, 34; *see also* RJN Ex. 4.  While the label states that Hefty recycling bags are "designed to handle all types of recyclables," it does not use the term "recyclable" to describe the product itself.  To the contrary, the only "recyclability" claim on the package is specifically limited to the paper box.  *See* Compl. ¶ 18; RJN Ex. 4.

Plaintiff nonetheless claims that the labeling of Hefty recycling bags is misleading and unlawful.  She challenges the labeling of the products on three primary grounds:

First, Plaintiff claims that the labeling is affirmatively misleading.  She alleges that reasonable consumers understand the term "recycling bag," as well as claims like "Perfect for All Your Recycling Needs" and "Designed to Handle All Types of Recyclables," to "mean that the Products are suitable for

disposing of recyclable waste and are, in fact, recyclable." Compl. ¶ 3. She alleges, however, that "Hefty bags contaminate the recyclable waste stream, decrease the recyclability of otherwise recyclable materials, and are not recyclable because they are made from low-density polyethylene plastic." *Id.*

Second, Plaintiff claims that Reynolds deceptively fails to disclose (1) that "the Products are made from LDPE [low density polyethylene plastic] and that LDPE bars are not recyclable nor are they suitable for recycling," and (2) that they "contaminate the recycling waste stream, decrease the recyclability of their otherwise recyclable items, and are not recyclable." *Id.* ¶¶ 34, 73.

Third, Plaintiff claims that Reynolds violates a laundry list of statutes and regulations governing environmental marketing claims. For example, she claims that Reynolds violates the FTC's "Green Guides," 16 C.F.R. § 260.1 *et seq.*, by representing that Hefty recycling bags are "recyclable," failing to qualify this supposed "recyclability" claim with information about the availability of recycling programs and collection sites, and making unsubstantiated claims of recyclability. *See* Compl. ¶¶ 33, 36. And she claims that Reynolds's alleged conduct violates section 17580.5 of the California Business & Professions Code, which prohibits misleading environmental marketing claims, as well as sections 42355 and 42355.5 of the California Public Resources Code, which purportedly reflect California's public policy against misleading consumers as to the environmental impact of plastic products. *See id.* ¶¶ 31-32.

## ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facts indicating the "mere *possibility* of misconduct" fall short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 679 (emphasis added). Rather, the plaintiff must "allege more by way of factual content to 'nudg[e]' his claim" of unlawful action "across the line from conceivable to plausible." *Id.* at 683 (quoting *Twombly*, 550 U.S. at 570). Plaintiff's unreasonable interpretation of the term "recycling bag" does not come close to meeting this standard.

## I.    Plaintiff Fails To State A Plausible Claim Of Deception.

Five of Plaintiff's claims — including her claims under the UCL's "fraudulent" prong, the CLRA, and the FAL, as well as her claims for negligent misrepresentation and common-law fraud — are premised on her allegation that Reynolds misrepresents its Hefty recycling bags as "recyclable" and fails to inform

consumers that they are not recyclable. These claims are all "governed by the 'reasonable consumer' test," under which Plaintiff must "show that members of the public are *likely* to be deceived." *Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) (emphasis added) (citations omitted); *see also Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1193 (N.D. Cal. 2014) (noting that "[t]his standard also applies to common law fraud and negligent misrepresentation claims").

The "reasonable consumer" standard "requires more than a mere possibility that [Reynolds's] label might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Becerra*, 945 F.3d at 1228 (citation and internal quotation marks omitted). The "standard is not a least sophisticated consumer" or an "unwary consumer." *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011) (citation and emphasis omitted). "Rather, the reasonable consumer standard requires a *probability* that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Becerra*, 945 F.3d at 1228-29 (emphasis added) (citation and internal quotation marks omitted). Plaintiff's allegations do not satisfy this standard.

### A. Reynolds does not represent that Hefty recycling bags are "recyclable."

Plaintiff's primary theory of deception is that the use of the phrase "recycling bag" is affirmatively misleading because it falsely implies that Hefty recycling bags are "suitable for disposing of recyclable waste and are, in fact, recyclable." Compl. ¶ 3. But it is well-settled that "[a] plaintiff's mistaken belief about the product, untethered to a statement or representation by the defendant, is insufficient to state a claim" under California's consumer protection statutes. *Prescott v. Nestle USA, Inc.*, No. 19-7471, 2020 WL 3035798, at *3 (N.D. Cal. June 4, 2020); *see also Boris v. Wal-Mart Stores, Inc.*, 35 F. Supp. 3d 1163, 1170 (C.D. Cal. 2014), *aff'd*, 649 F. App'x 424 (9th Cir. 2016) ("A merchant's liability cannot be premised solely on a consumer's assumptions about a product . . . ."). That rule bars Plaintiff from holding Reynolds liable for her incorrect and unreasonable assumption that a "recycling bag" must be "recyclable."

*Becerra* is instructive. There, the plaintiff alleged that the term "diet," as used on the labeling of Diet Dr. Pepper, was misleading because it "promises that the product will assist in weight loss or healthy weight management." 945 F.3d at 1229. The Ninth Circuit affirmed the dismissal of her lawsuit. It agreed that the term "diet" is a "relative claim about the calorie content of that soft drink compared to the same brand's 'regular' (full-caloric) option," such that "no reasonable consumer would assume that Diet Dr.

Pepper's use of the term 'diet' promises weight loss or management." *Id.*  The court specifically rejected the plaintiff's argument that, "regardless of the common *understanding* of the word, dismissal was still improper because she alleged a plausible *misunderstanding* of the word."  *Id.* at 1229.  The court emphasized that it had "previously affirmed dismissal of claims based on similar unreasonable assumptions," and it held that the possibility that "some consumers may unreasonably interpret the term differently does not render the use of 'diet' in a soda's brand name false or deceptive.  *Id.* at 1229-30.

District courts following *Becerra* have reached the same conclusion.  For example, in *Cheslow v. Ghirardelli Chocolate Co.*, the court dismissed a lawsuit alleging that Ghirardelli's use of the term "white" to describe its white baking chips falsely suggested that the baking chips consisted of white chocolate, and it emphasized that it would "not be appropriate to base liability off of a *misunderstanding* of the word white."  445 F. Supp. 3d 8, 17 (N.D. Cal. 2020) ("Simply because some consumers unreasonably assumed that 'white' in the term 'white chips' meant white chocolate chips does not make it so.").  Similarly, in *Gudgel v. Clorox Co.*, the court dismissed a lawsuit alleging that several representations on the labeling of Clorox's splash-less bleach misled consumers into believing that the bleach was suitable for disinfection. --- F. Supp. 3d ----, 2021 WL 212899, at *1 (N.D. Cal. Jan. 21, 2021).  The court determined that the plaintiff had not stated a plausible claim because the "words or images on the product's label" would not "lead a reasonable consumer to believe that the product was capable of sanitizing or disinfecting."  *Id.* at *4.  The court accordingly concluded that the plaintiff's *assumption* that the product was capable of disinfection did not suffice to state a plausible claim of deception.  *See id.* at *4-5.

Here too, Plaintiff's claim fails because it is premised on her unreasonable interpretation of the term "recycling bag."  When used as an adjective, the term "recycling" implies only that the item plays some role in the recycling process — *i.e.*, "the process of collecting, sorting, cleansing, treating, and reconstituting materials that would otherwise become solid waste, and returning them to the economic mainstream in the form of raw material for new, reused, or reconstituted products."  Cal. Pub. Res. Code § 40180.  It does not imply that the item *itself* is recyclable.  A "recycling bin" may not be recyclable, but it plays a role in the recycling process by holding recyclable waste in a separate receptacle from the trash bin that holds non-recyclable waste.  And a "recycling truck" may not be recyclable, but it plays a key role in the recycling process by carrying recyclable waste from a consumer's curb to the recycling facility.

Like a "recycling bin" or a "recycling truck," Hefty recycling bags can be used — and in fact are *required* to be used — in many municipalities as part of the recycling process.  Even if not required, recycling bags can still play a valuable role in the recycling process because their clear or transparent blue color signals to consumers and waste operators alike that the bag holds recyclable materials, as opposed to an opaque black or white plastic bag that typically holds non-recyclable trash.  Consumers who use Hefty recycling bags can easily determine whether the bags contain recyclables or trash, which will help ensure that they place recyclables in the proper receptacle when disposing of their recyclables and trash.

The packaging makes these functions clear, as it states that the bags are "designed to handle all types of recyclables" and are "transparent for quick sorting and curbside identification."  Compl. ¶¶ 18-19. Nowhere on the packaging does Reynolds state that Hefty recycling bags are *themselves* recyclable, or that they should be thrown into the recycling bin or left out on the curb in every instance.  Plaintiff cannot hold Reynolds liable because she "assume[s] things about the products *other than* what the statement[s] actually say[]."  *Red v. Kraft Foods, Inc.*, No. 10-1028, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012).

As implausible as Plaintiff's interpretation of the term "recycling bag" is when viewed in isolation, it is even more implausible when viewed "reasonably and in context" — which is the lens through which this Court must assess whether the term "recycling bag" is likely to mislead a reasonable consumer. *Freeman v. Time, Inc.*, 68 F.3d 285, 290 (9th Cir. 1995); *see also Becerra*, 945 F.3d at 1229 (evaluating the effect of the term "diet" by "considering the term in its proper context").  Here, as the back of the label makes clear, Hefty recycling bags are "developed for use in municipal recycling programs *where applicable*."  *See* Compl. ¶ 18 (emphasis added).  In other words, a reasonable consumer would understand that these bags are specifically designed for use in those municipal recycling programs that require or permit consumers to place recyclable waste in recycling bags prior to pick-up.  Plaintiff attempts to preempt this argument by alleging that this statement misleads consumers to believe that the product "is designed for recycling wherever municipal recycling is available."  *Id.* ¶ 34.  But that interpretation is implausible and unreasonable — especially because it ignores the phrase "where applicable," which makes clear that the bags are *not* required or designed for use in all municipal recycling programs.

In short, Plaintiff has not identified any representation on the packaging of Hefty recycling bags that suggests they are recyclable.  At most, the representations Plaintiff identifies suggest that the bags can

be used as part of the recycling process — which is undoubtedly true.  Because none of the representations Plaintiff challenges are likely to mislead a reasonable consumer, she cannot state a plausible claim.

### B.    Plaintiff fails to state a plausible fraud-by-omission claim.

In addition to alleging that Reynolds affirmatively misrepresents its Hefty recycling bags as "recyclable," Plaintiff also alleges that Reynolds misleads consumers by failing to inform consumers that the products "contaminate the recycling waste stream, decrease the recyclability of their otherwise recyclable items, and are not recyclable."  Compl. ¶ 73.  But Plaintiff's fraud-by-omission theory is no more plausible than her theory of fraud-by-misrepresentation.[1]

Under California law, a fraud-by-omission claim requires a plaintiff to establish that the withheld information was either "contrary to a representation actually made by the defendant" or "an omission of a fact the defendant was obliged to disclose."  *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 835 (2006).  "California courts have generally rejected a broad obligation to disclose . . . ."  *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012); *accord Sud v. Costco Wholesale Corp.*, 229 F. Supp. 3d 1075, 1085 (N.D. Cal. 2017) (White, J.).  Instead, a duty to disclose arises only when "the omission was material," the omission relates to a fact that is "central to the product's function," and "one of the four *LiMandri* factors" applies.[2]  *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 863 (9th Cir. 2018).

Here, because Reynolds never affirmatively represented that its recycling bags were "recyclable," Reynolds's alleged failure to disclose their alleged non-recyclability is not "contrary to a representation

---

[1] Moreover, leaving aside that Plaintiff's fraud-by-omission theory is not plausible, it cannot support her claim under the FAL or her claim for negligent misrepresentation — both of which require an affirmative misrepresentation and do not permit a plaintiff to sue based on alleged omissions.  *See Stanwood v. Mary Kay, Inc.*, 941 F. Supp. 2d 1212, 1222 (C.D. Cal. 2012) (holding that fraud-by-omission claim under the FAL was not cognizable, as the "FAL requires an untrue or misleading statement" and the plaintiff's "surviving concealment claims are based on omissions, not misleading statements or partial representations"); *Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1018 (N.D. Cal. 2015) ("[A]n omission alone cannot form the basis for a claim of negligent misrepresentation.").

[2] The *LiMandri* factors refer to the four situations under California law where "nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts."  *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997) (citation and internal quotation marks omitted).

actually made by the defendant." *Daugherty*, 144 Cal. App. 4th at 835.  And Plaintiff has not plausibly alleged a duty to disclose for at least two independent reasons:

First, the alleged non-recyclability of Hefty recycling bags is not "central to the product's function." *Hodsdon*, 891 F.3d at 863.  Consistent with the narrow scope of the duty to disclose under California law, the Ninth Circuit has rejected the proposition that "*any* defect which affects a product's central function requires disclosure," no matter how significant it is.  *Knowles v. ARRIS Int'l PLC*, 847 F. App'x 512, 514 n.1 (9th Cir. 2021) (emphasis added).  In other words, Plaintiff cannot establish a duty to disclose simply by alleging that the recyclability of Hefty recycling bags has *some* relationship to the bags' function. Instead, she must allege that this purported flaw renders them "incapable of use by any consumer." *Hodsdon*, 891 F.3d at 864; *see also Rutledge v. Hewlett-Packard Co.*, 238 Cal. App. 4th 1164, 1175 (2015) (noting that the allegedly omitted defect must have been "necessary to the function of the product").

Here, even if Hefty recycling bags are not independently recyclable, it is beyond dispute that they can be used, and sometimes *must* be used, to hold recyclable goods.  It is irrelevant that Plaintiff believes that recyclables should not be placed into recycling bags made out of non-recyclable plastics.  *See* Compl. ¶¶ 23-30.  Her "subjective preference[]" that recycling only be held in bags made of recyclable plastic, and her allegation that Hefty recycling bags should not be placed directly into recycling bins, does not satisfy the "central function" requirement — particularly since the lack of recyclability is not relevant to those consumers who buy them to help distinguish recycling from trash, or because the consumer's municipality requires their use for curbside pick-up.[3]  Absent any plausible allegation that Hefty recycling bags' alleged lack of recyclability affected their "central function," Plaintiff has not plausibly alleged a duty to disclose.

Second, Plaintiff has not plausibly alleged that any of the *LiMandri* factors apply.  She does not allege that she is in a fiduciary relationship with Reynolds.  Nor does she allege that Reynolds had "exclusive knowledge" of the fact that Hefty recycling bags are allegedly not recyclable.  To the contrary, she cites a March 2016 news article suggesting that plastic bags are not recyclable and that recycling

---

[3] *See Hodsdon*, 891 F.3d at 864 (holding that use of slave and/or child labor did not bear on the product's "central functionality" because "some consumers of chocolate are not concerned about the labor practices used to manufacture the product"); *C.W. v. Epic Games, Inc.*, No. 19-3629, 2020 WL 5257572, at *5 (N.D. Cal. Sept. 3, 2020) (holding that unavailability of refunds did not affect video game's central function because "at least some *Fortnite* players are not concerned with the refundability terms at all").

facilities incinerate them, as well as any recyclable waste they contain.  *See* Compl. ¶¶ 4 n.2, 29 n.5.  Her allegations "demonstrate that the material facts were not within the exclusive knowledge of Defendants but available to the public."[4]  *Andren v. Alere, Inc.*, 207 F. Supp. 3d 1133, 1143 (S.D. Cal. 2016).

Nor has Plaintiff alleged a duty to disclose based on a theory of "active concealment."  Her complaint identifies no affirmative steps Reynolds took to hide the alleged fact that Hefty recycling bags are not recyclable from the public, does not allege that Reynolds denied this fact when confronted with it, and does not otherwise allege any affirmative conduct that rises to the level of concealment.  At most, Plaintiff has alleged "mere nondisclosure," which does not constitute "active concealment" under California law.  *Younan v. Equifax Inc.*, 111 Cal. App. 3d 498, 512 (1980).

Finally, Plaintiff has not alleged a duty to disclose based on a theory of "partial representations." To do so, Plaintiff must allege that Reynolds's representations are "misleading absent a disclosure" of the allegedly omitted material facts.  *Sud*, 229 F. Supp. 3d at 1087.  Plaintiff may attempt to argue that Reynolds suggested that its products are recyclable while omitting facts indicating the opposite.  But Reynolds's use of the term "recycling bags" does not amount to a representation about their recyclability at all.  *See supra* § I.A.  Absent any specific representation about whether Reynolds recycling bags are *recyclable*, Plaintiff cannot establish a duty to disclose based on a theory of "partial representations."

**C.    Plaintiff cannot challenge any claims on Reynolds's website, which she did not visit.**

In addition to the claims on the labeling of Hefty recycling bags, Plaintiff also challenges a variety of claims that appear on Reynolds's website, which allegedly "provides additional misrepresentations about the suitability of the Products for recycling."  Compl. ¶ 20.  But Plaintiff does not allege that she visited the website before purchasing Hefty recycling bags.  To the contrary, she alleges that, while shopping at a store near her home, "[s]he read the claim 'Recycling' bags on the Products and purchased them because she believed that the bags were suitable for disposing of her recyclables and that the bags themselves were recyclable."  Compl. ¶ 40.  Courts in this District have consistently held under similar

---

[4] *See also, e.g.*, *Wolph v. Acer Am. Corp.*, No. 09-1314, 2009 WL 2969467, at *4 (N.D. Cal. Sept. 14, 2009) (White, J.) (holding, in light of a news article published before Plaintiff purchased her laptop, that the defendant did not have "exclusive knowledge" of the alleged defect in that laptop); *Herron v. Best Buy Co.*, 924 F. Supp. 2d 1161, 1175-76 (E.D. Cal. 2013) (holding that the plaintiff did not allege exclusive knowledge when the allegedly omitted facts had been published on Best Buy's website and in *Newsweek*).

circumstances that a plaintiff cannot challenge any alleged misrepresentations on a website she did not visit.[5]  In light of her admission that she read and relied only on the packaging of the products, Plaintiff cannot plausibly allege that the website played any role in her purchasing decision.

## II.   The Use Of The Phrase "Recycling Bag" Does Not Violate The EMCA And Is Not Unlawful.

In addition to alleging that Reynolds's use of the term "recycling bag" is deceptive, Plaintiff asserts that it violates the FTC's "Green Guides," which govern the use of "recyclable" claims, as well as sections 42355 and 42355.5 of the California Public Resources Code, which purportedly reflect California's public policy against deceiving consumers as to the environmental impact of plastic products.  *See* Compl. ¶¶ 31-36.  Based on these allegations, Plaintiff asserts a claim under California's EMCA, Cal. Bus. & Prof. Code § 17580 *et seq.*, and she also attempts to use these violations as a predicate for a claim under the "unlawful" prong of the UCL.  *See* Compl. ¶¶ 89-102.  These claims fail for three separate reasons:

First, the term "recycling bag" falls outside the ambit of the Green Guides and California's environmental marketing statutes.  By their own terms, the Green Guides — which California has incorporated via the EMCA — prohibit manufacturers from deceptively representing that their products are "recyclable."  *See* 16 C.F.R. § 260.12 ("Recyclable Claims.").  Similarly, section 42355 of the California Public Resources Code only applies to claims that a product is "degradable," "biodegradable," "decompostable," or "other like terms."  Cal. Pub. Res. Code § 42355(d).  Plaintiff's attempt to invoke the Green Guides and section 42355 is accordingly misguided, as Reynolds does not use any marketing claim — such as "recyclable," "biodegradable," or "decompostable" — that these provisions govern.

*Hill* is instructive.  There, the plaintiff alleged that the defendants misrepresented Fiji Water as "environmentally superior" by placing an image of a "Green Drop" on the labeling of the product.  195 Cal. App. 4th at 1298-99.  The trial court sustained the defendants' demurrer to the lawsuit, and the Court of Appeal affirmed.  The court "assume[d] . . . that reasonable consumers would view the drop, together with its green color, as referring to the environment."  *Id.* at 1304-05.  But the court nonetheless held that

---

[5] *See, e.g.*, *Barrett v. Apple Inc.*, --- F. Supp. 3d ----, 2021 WL 827235, at *11 (N.D. Cal. Mar. 4, 2021) (dismissing claims premised on Apple's website when the plaintiffs did "not allege that they visited the website"); *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1112 (S.D. Cal. 2011) (holding that the plaintiffs could not challenge claims on Ferrero's website because they "ha[d] not personally visited the website"); *McCrary v. Elations Co.*, No. 13-242, 2013 WL 6403073, at *8 (C.D. Cal. July 12, 2013) (similar).

this symbol did not violate any of the Green Guides' specific prohibitions, and it made clear that the Green Guides "do not prohibit, in the complaint's words, 'touting' a product's 'green' features." *Id.* at 1305.

Here, as in *Hill*, Plaintiff's claims fail because the Green Guides do not govern the representation that a product is a "recycling bag."  Instead, by their own terms, they apply only to claims that a product is "recyclable" — a representation that Reynolds never made.  21 C.F.R. § 260.12(a).  Section 42355 likewise applies only to claims that a product is "degradable," "biodegradable," or "decomposable" — which, again, are claims that do not appear on the packaging of Hefty recycling bags.  Even assuming some consumers might interpret the phrase "recycling bag" to mean that these products are environmentally superior, *Hill* makes clear that this is not enough to bring the phrase "recycling bag" within the ambit of the Green Guides, section 42355, or the EMCA.  That, in turn, bars Plaintiff from using these provisions as a predicate for a claim under the UCL's "unlawful" prong.

Second, even if Plaintiff *could* plausibly allege a violation of the Green Guides, section 42355, or the EMCA (which she cannot), that would not relieve her of the burden of establishing that Reynolds's labeling is likely to mislead a reasonable consumer.  As the court made clear in *Hill*, the Green Guides and the EMCA permit the use of environmental marketing claims "provided only that they do not mislead reasonable consumers."  195 Cal. App. 4th at 1305.  And following *Hill*, California courts have reiterated that an alleged violation of law is not actionable under the UCL's "unlawful" prong unless the defendant's conduct is likely to mislead a reasonable consumer.  *See, e.g.*, *Shaeffer v. Califia Farms LLC*, 44 Cal. App. 5th 1125, 1144-45 (2020) (affirming order sustaining demurrer and holding that alleged violations of FDA food labeling regulations did not suffice to state a claim under the "unlawful" prong because the plaintiff had not sufficiently alleged that the defendant's labeling was deceptive or material).

In other words, the UCL does not impose strict liability on defendants who violate a predicate statute or regulation; instead, Plaintiff must *also* allege that the defendant's labeling is misleading.  Because Plaintiff has not plausibly alleged that the term "recycling bag" is likely to mislead a reasonable consumer into believing that Hefty recycling bags are recyclable, she cannot use her claim under the UCL's "unlawful" prong to sidestep her burden of pleading a likelihood of consumer deception.

Third, Plaintiff's stand-alone claim for "greenwashing" in violation of the EMCA (*see* Compl. ¶¶ 89-93) fails because the EMCA does not provide a private right of action.  Under California law, "[a]

violation of a state statute does not necessarily give rise to a private cause of action." *Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592, 596 (2010) (citation omitted).  Instead, "[a] private party can sue for violation of a statute only where the statute in question allows it." *Mayron v. Google LLC*, 54 Cal. App. 5th 566, 571 (2020) (citing *Lu*, 50 Cal. 4th at 596).  It is "not enough that the statutory text suggests such a right"; instead, "there must be a 'clear, understandable, unmistakable' indication of intent to allow a private right of action." *Mayron*, 54 Cal. App. 4th at 571-72 (quoting *Lu*, 50 Cal. 4th at 596).

Here, while the EMCA makes it unlawful for businesses to make misleading environmental marketing claims (Cal. Bus. & Prof. Code § 17580) and states that any violation of the EMCA is a misdemeanor punishable by a fine or imprisonment (*id.* § 17581), it does not authorize private plaintiffs to sue businesses for violating the EMCA.  The absence of any language providing a private right of action strongly suggests that the Legislature did not intend to permit private parties to assert claims under the EMCA.  And that is particularly true because the EMCA expressly authorizes criminal penalties, which makes clear that the Legislature intended to permit the government — but not private parties — to enforce this statute.  *See generally Farmers Ins. Exch. v. Superior Court*, 137 Cal. App. 4th 842, 850 (2006).

No court has held that the EMCA provides a private right of action, and at least one court has suggested that it does not.  *See Hill*, 195 Cal. App. 4th at 1301 (noting that the plaintiff premised her UCL and CLRA claims on the EMCA, "an act not itself made a cause [of] action").  Because the EMCA does not provide a private right of action, this Court should dismiss Plaintiff's claim for "greenwashing."

### III.    Reynolds's Labeling Of Hefty Recycling Bags Does Not Violate The UCL's "Unfair" Prong.

Plaintiff alleges in passing that Reynolds's "marketing of the Products as suitable and beneficial for recycling purposes is an unfair practice under the UCL, as it undermines both state and local policies of reducing the amount of plastic in landfills and the amount of pollution from plastic in the environment." Compl. ¶ 30.  But as the Ninth Circuit and the California Supreme Court have made clear, Plaintiff must plead a "close nexus between the challenged act and the legislative policy" to establish a violation of the "unfair" prong.  *Hodsdon*, 891 F.3d at 866 (citing *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Telephone Co.*, 20 Cal. 4th 163 (1999)).  Plaintiff has not come close to doing so.

Here, even assuming *arguendo* that California has a public policy in favor of reducing plastic waste, Plaintiff does not — and cannot — identify any California statute or regulation that prohibits the use of

recycling bags.  To the contrary, many municipalities in California require them, and Reynolds's sale of bags whose use is required by law cannot amount to an "unfair" business practice.  Moreover, Plaintiff does not plausibly allege that the use of the nomenclature "recycling bags" results in the use of more plastic bags than would occur if Reynolds did not label Hefty bags with this term, or that the removal of the phrase "recycling bag" will meaningfully affect consumers' recycling practices.  To the contrary, common sense dictates that consumers who are inclined to use recycling bags to help store and transport recycled waste would simply use trash bags instead, which would cause just as much (if not more) plastic waste.  Any supposed nexus between the use of the phrase "recycling bag" and the accumulation of plastic waste in landfills is simply "too far removed" to state a claim under the UCL's "unfair" prong.  *Hodsdon*, 891 F.3d at 866 (holding that the "general policy against child or slave labor" did not make it "unfair" for Mars not to disclose the presence of slave labor in the supply chain of its products).[6]

Plaintiff evidently believes that recycling bags — indeed plastic bags *generally* — should play no role in the recycling process.  *See generally* Compl. ¶¶ 29-30.  But numerous municipalities require otherwise, and the UCL does not permit this Court to hold Reynolds liable based on "purely subjective notions of fairness."  *Cel-Tech*, 20 Cal. 4th at 184.  Plaintiff's views about best practices for recycling do not make it "unfair" or contrary to public policy for Reynolds to market its products as "recycling bags."  This Court should reject Plaintiff's attempt to commandeer the judiciary in her efforts to eliminate plastic bags from the recycling process — and to impose liability on Reynolds for selling them.

## IV.    Plaintiff Cannot Seek Equitable Relief Because She Has An Adequate Remedy At Law.

Even if this Court does not dismiss Plaintiff's lawsuit outright, it should nonetheless dismiss her claims for restitution, an injunction, and other equitable relief.  As the Ninth Circuit made clear in *Sonner v. Premier Nutrition Corp.*, a plaintiff cannot seek equitable relief without establishing that she lacks an adequate remedy at law.  Because several of Plaintiff's claims permit her to recover money damages, and

---

[6] *See also Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917, 940-41 (2003) (holding that a supposed policy in favor of permitting patients to file malpractice lawsuits did not make it "unfair" for the defendant to refuse to continue treating patients who had sued it for malpractice); *Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 855-56 (2002) (holding that the "policy against urban blight" did not make it "unfair" for the defendant to keep an un-used store empty to prevent it from being acquired by a competitor).

because those damages would adequately compensate her for the alleged "price premium" she paid for Hefty recycling bags, *Sonner* bars her from seeking equitable relief from this Court.[7]

In *Sonner*, the plaintiff initially asserted claims for both restitution and damages, but later abandoned her damages claims in favor of her claims for equitable restitution. 971 F.3d at 838. The district court then dismissed the plaintiff's remaining claims for restitution, holding that she had "failed to establish that she lacked an adequate legal remedy for the same past harm for which she sought equitable restitution." *Id.* The Ninth Circuit affirmed. In so holding, the Ninth Circuit agreed that "the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." *Id.* at 844. And because the plaintiff had not alleged — let alone demonstrated — that she lacked an adequate legal remedy, the Court held that she could not seek restitution. *Id.*

*Sonner* squarely precludes Plaintiff's claims for equitable relief. Like the plaintiff in *Sonner*, Plaintiff alleges that she "paid a premium" for Hefty recycling bags due to the use of the phrase "recycling." Compl. ¶ 40; *see also id.* ¶¶ 79, 88 (noting that Plaintiff "seeks to recover on behalf of herself and those similarly situated the price premium paid for the Products"). And like the plaintiff in *Sonner*, Plaintiff asserts a claim under the CLRA, as well as claims for common-law fraud and negligent misrepresentation — all of which permit recovery of money damages. Because Plaintiff's claims are premised on the money she allegedly "lost" as a result of Reynolds's conduct, and because she seeks damages as a remedy for that alleged injury, she has an adequate remedy at law. Indeed, courts throughout California have applied this exact reasoning in dismissing claims for equitable relief under California's consumer protection statutes.[8]

---

[7] At a minimum, *Sonner* would require the dismissal of Plaintiff's claim for restitution under the CLRA and her claims under the UCL and FAL, which only authorize equitable relief and do not permit recovery of damages. *See generally In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 130 (2009) ("The remedies available in a UCL or FAL action are limited to injunctive relief and restitution.").

[8] *See, e.g.*, *Gibson v. Jaguar Land Rover N. Am., LLC*, No. 20-769, 2020 WL 5492990, at *3-4 (C.D. Cal. Sept. 9, 2020) (applying *Sonner* to dismiss claims for equitable relief with prejudice where the plaintiffs alleged that they "would have been able to avoid spending money" but for the defendant's alleged misrepresentations); *In re MacBook Keyboard Litig.*, No. 18-2813, 2020 WL 6047253, at *4 (N.D. Cal. Oct. 13, 2020) (applying *Sonner* to dismiss claims for equitable relief with prejudice where the plaintiffs alleged that they "overpaid for their allegedly defective laptops and incurred various expenses in their attempts to resolve the deficiencies"); *Adams v. Cole Haan, LLC*, No. 20-913, 2020 WL 5648605, at *2 (C.D. Cal. Sept. 3, 2020) (applying *Sonner* to dismiss claims for equitable relief where the plaintiff alleged

---

14

Plaintiff asserts throughout her complaint that she lacks an adequate legal remedy because, absent an injunction, Reynolds will continue to deceive consumers by using the term "recycling bags."  *See* Compl. ¶¶ 71, 93, 102.  But in assessing the adequacy of legal remedies, the relevant question is not whether the remedy is sufficient to avert future conduct, but instead whether it is "sufficient to make [the plaintiff] whole."  *Qualcomm Inc. v. Compal Elecs., Inc.*, 283 F. Supp. 3d 905, 917 (S.D. Cal. 2017)  (emphasizing that a plaintiff cannot obtain injunctive relief "merely by pointing out that the Defendants' breaches are ongoing").  For that reason, several courts have held that *Sonner* bars claims for "prospective injunctive relief," as "none of its reasoning suggests that it is limited to claims for restitution for past harms and not to future or ongoing harms."  *Clark v. Am. Honda Motor Co.*, --- F. Supp. 3d ----, 2021 WL 1186338, at *8 (C.D. Cal. Mar. 25, 2021); *see also Huynh v. Quora, Inc.* --- F. Supp. 3d ----, 2020 WL 7495097, at *19 (N.D. Cal. Dec. 21, 2020) (applying similar reasoning to dismiss claim for injunctive relief).

Here, Plaintiff alleges that she and other class members paid an inflated price based on Reynolds's allegedly misleading use of the term "recycling bags."  *See* Compl. ¶¶ 39-40, 59, 68, 79, 88, 100.  If Plaintiff were to prevail on that claim (which she will not), the appropriate remedy would be money damages sufficient to compensate her for the money she allegedly "lost."  Given the availability of money damages to remedy that purported injury, there is no reason that Plaintiff requires injunctive relief to compensate her for injuries she (or any class member) allegedly suffered.  *Sonner* bars her claim for injunctive relief.

## CONCLUSION

This Court should dismiss Plaintiff's complaint with prejudice and without leave to amend.

DATED:  June 29, 2021                    JENNER & BLOCK LLP

By:  _____/s/   Kate T. Spelman_____
                         Kate T. Spelman

Attorneys for Defendants
Reynolds Consumer Products Inc. and
Reynolds Consumer Products LLC

that she "'lost money,' a form of harm for which legal damages does seem to be an adequate remedy").