**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar No. 269109)
kspelman@jenner.com
Alexander M. Smith (Cal. Bar No. 295187)
asmith@jenner.com
Madeline P. Skitzki (Cal. Bar No. 318233)
mskitzki@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Telephone:     (213) 239-5100
Facsimile:     (213) 239-5199

Attorneys for Defendants
Reynolds Consumer Products Inc.
and Reynolds Consumer Products LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISABETH HANSCOM, on behalf of herself and those similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>REYNOLDS CONSUMER PRODUCTS INC. and REYNOLDS CONSUMER PRODUCTS LLC,<br><br>      Defendants. | Case No. 4:21-cv-03434-JSW<br><br>The Honorable Jeffrey S. White<br><br>**DEFENDANTS REYNOLDS CONSUMER PRODUCTS INC. AND REYNOLDS CONSUMER PRODUCTS LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date: August 13, 2021<br>Hearing Time: 9:00 a.m.<br>Courtroom:  5 (Oakland) |

## SUMMARY OF ARGUMENT

As Reynolds explained in its motion to dismiss, Plaintiff's lawsuit is based on her subjective and unreasonable interpretation of the term "recycling bag" to mean that Hefty recycling bags are *recyclable*. Plaintiff's arguments in opposition miss the mark:

1.      Despite Plaintiff's insistence to the contrary, Reynolds does not state or suggest that Hefty recycling bags are recyclable, and her unreasonable misinterpretation of the term "recycling bag" does not suffice to establish that Reynolds's labeling is deceptive.  *See generally Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225 (9th Cir. 2019).  Moreover, the labeling makes clear that Hefty recycling bags are "developed for use in municipal recycling programs where applicable."  Neither Plaintiff's attempt to downplay the number of municipalities that require recycling bags nor her reliance on *Williams v. Gerber Products Co.*, 552 F.3d 934 (9th Cir. 2008) suffice to establish that Reynolds's labeling is deceptive.  And if Plaintiff's claim that Reynolds misrepresents its recycling bags as recyclable fails, her claim that Reynolds misrepresents them as "suitable for recycling" necessarily fails as well.

2.      Plaintiff has not stated a plausible fraud-by-omission claim.  She has not plausibly alleged that the recycling bags' alleged lack of recyclability is contrary to any affirmative representation on the packaging, that it renders the products incapable of use, or that Reynolds otherwise has a duty to disclose this alleged fact.  *See generally Hodsdon v. Mars, Inc.*, 891 F.3d 857 (9th Cir. 2018).  Plaintiff's argument that the products' alleged lack of recyclability is "contrary to" the representations on the packaging and her "partial representation" theory fail because Reynolds makes no representation of recyclability.

3.      Plaintiff's claim under the UCL's "unlawful" prong fails because she has not plausibly alleged a predicate violation of any statute or regulation — let alone that this alleged violation is deceptive. Her claim under the "unfair" prong fails because there is not a sufficient nexus between California's public policy in favor of minimizing plastic waste and Reynolds's alleged conduct, and her belated attempt to invoke the "FTC test" and the "balancing test" does not suffice to state a claim.

4.      Plaintiff cannot seek an injunction or other equitable relief because she has an adequate legal remedy.  *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020).  *Sonner* does not allow Plaintiff to seek damages and equitable relief "in the alternative," and neither her reliance on multiple theories of relief nor her request for "prospective" relief are sufficient to overcome *Sonner*.

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................................1

ARGUMENT .......................................................................................................................................2

    I.       Plaintiff Has Not Plausibly Alleged Any Affirmative Misrepresentation ...........................2

          A.      Reynolds does not represent that Hefty recycling bags are "recyclable" ...............2

          B.      Plaintiff's "suitable for recycling" theory is similarly implausible ........................5

          C.      Reynolds's website does not support Plaintiff's claims of misrepresentation........6

    II.     Plaintiff Has Not Stated a Plausible Fraud-by-Omission Claim..........................................7

    III.    Plaintiff Has Not Stated a Plausible Claim Under the UCL's "Unlawful" Prong .............10

    IV.    Reynolds's Labeling of Hefty Recycling Bags Does Not Violate the UCL's "Unfair" Prong......................................................................................................................13

    V.     Plaintiff Cannot Seek Equitable Relief Because She Has an Adequate Remedy at Law ....................................................................................................................................14

CONCLUSION..................................................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. Apple Inc.*,
   500 F. Supp. 3d 993 (N.D. Cal. 2020) ................................................................................. 14

*Bardin v. DaimlerChrysler Corp.*,
   136 Cal. App. 4th 1255 (2006) ......................................................................................... 13

*Becerra v. Dr. Pepper/Seven Up, Inc.*,
   945 F.3d 1225 (9th Cir. 2019) ....................................................................................... 2, 3

*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*,
   162 Cal. App. 4th 858 (2008) ......................................................................................... 10

*Boris v. Wal-Mart Stores, Inc.*,
   35 F. Supp. 3d 1163 (C.D. Cal. 2014) ............................................................................... 3

*Browning v. Unilever U.S., Inc.*,
   No. 16-2210, 2018 WL 6615064 (C.D. Cal. Dec. 17, 2018) ............................................ 8

*Bush v. Rust-Oleum Corp.*,
   No. 20-3268, 2021 WL 24842 (N.D. Cal. Jan. 4, 2021) ................................................... 4

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) .................................................................................................... 14

*Cheslow v. Ghirardelli Chocolate Co.*,
   445 F. Supp. 3d 8 (N.D. Cal. 2020) ............................................................................. 2, 3

*Clark v. Am. Honda Motor Co.*,
   --- F. Supp. 3d ----, 2021 WL 1186338 (C.D. Cal. Mar. 25, 2021) ................................ 15

*Daugherty v. Am. Honda Motor Co.*,
   144 Cal. App. 4th 824 (2006) ....................................................................................... 7, 8

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018) ........................................................................................... 4

*Doe v. CVS Pharmacy, Inc.*,
   982 F.3d 1204 (9th Cir. 2020) ....................................................................................... 13

*Doe v. Successfulmatch.com*,
   70 F. Supp. 3d 1066 (N.D. Cal. 2014) ........................................................................... 10

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016) ........................................................................................... 2

*Elgindy v. AGA Service Co.*,
   No. 20-6304, 2021 WL 1176535 (N.D. Cal. Mar. 29, 2021) ........................................................ 15

*Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*,
   345 F. Supp. 3d 1111 (N.D. Cal. 2018) ....................................................................................... 4

*Forouzesh v. Starbucks Corp.*,
   714 F. App'x 776 (9th Cir. 2018) ................................................................................................ 2

*Gardiner v. Walmart Inc.*,
   No. 20-4618, 2021 WL 2520103 (N.D. Cal. Mar. 5, 2021) ....................................................... 15

*Gray v. Toyota Motor Sales, U.S.A.*,
   No. 08-1690, 2012 WL 313703 (C.D. Cal. Jan. 23, 2012) .......................................................... 9

*Gudgel v. Clorox Co.*,
   --- F. Supp. 3d ----, 2021 WL 212899 (N.D. Cal. Jan. 21, 2021) .............................................. 4

*Hall v. Sea World Entm't, Inc.*,
   No. 15-660, 2015 WL 9659911 (S.D. Cal. Dec. 23, 2015) ....................................................... 10

*Ham v. Hain Celestial Group, Inc.*,
   70 F. Supp. 3d 1188 (N.D. Cal. 2014) ......................................................................................... 2

*Hill v. Roll Int'l Corp.*,
   195 Cal. App. 4th 1295 (2011) .................................................................................................. 12

*Hodsdon v. Mars, Inc.*,
   162 F. Supp. 3d 1016 (N.D. Cal. 2016) ..................................................................................... 10

*Hodsdon v. Mars, Inc.*,
   891 F.3d 857 (9th Cir. 2018) ............................................................................................. 8, 9, 13

*Huynh v. Quora, Inc.*
   --- F. Supp. 3d ----, 2020 WL 7495097 (N.D. Cal. Dec. 21, 2020) .......................................... 15

*In re JUUL Labs., Inc. Marketing, Sales Practices, & Products Liability Litigation*,
   497 F. Supp. 3d 552 (N.D. Cal. 2020) ....................................................................................... 15

*Knowles v. Arris Int'l PLC*,
   847 F. App'x 512 (9th Cir. 2021) ................................................................................................ 8

*Kwan v. SanMedica Int'l*,
   854 F.3d 1088 (9th Cir. 2017) ................................................................................................... 11

*LiMandri v. Judkins*,
   52 Cal. App. 4th 326 (1997) .................................................................................................... 8, 9

*Musgrave v. ICC/Marie Callender's Gourmet Prods. Div.*,
   No. 14-2006, 2015 WL 510919 (N.D. Cal. Feb. 5, 2015) ........................................................... 7

*Mycogen Corp. v. Monsanto Co.*,
    28 Cal. 4th 888 (2002) ............................................................................................................. 15

*Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*,
    107 Cal. App. 4th 1336 (2007) ................................................................................................ 11

*Prescott v. Nestle USA, Inc.*,
    No. 19-7471, 2020 WL 3035798 (N.D. Cal. June 4, 2020) .................................................. 3, 4

*Red v. Kraft Foods Inc.*,
    No. 10-1028, 2012 WL 5504011 (C.D. Cal. Oct. 25, 2012) ...................................................... 4

*Robinson v. Unilever U.S., Inc.*,
    No. 17-3010, 2019 WL 2067941 (C.D. Cal. Mar. 25, 2019) .................................................... 7

*Rushing v. Williams-Sonoma-Inc.*,
    No. 16-1421, 2016 WL 4269787 (N.D. Cal. Aug. 15, 2016) .................................................... 7

*Rutledge v. Hewlett-Packard Co.*,
    238 Cal. App. 4th 1164 (2015) ............................................................................................. 7, 8

*Samet v. Procter & Gamble Co.*,
    No. 12-1891, 2013 WL 6491143 (N.D. Cal. Dec. 10, 2013) .................................................... 7

*Shaeffer v. Califia Farms, LLC*,
    44 Cal. App. 5th 1125 (2020) ................................................................................................ 12

*Sharma v. Volkswagen AG*,
    --- F. Supp. 3d ----, 2021 WL 912271 (N.D. Cal. Mar. 9, 2021) .......................................... 14

*Shay v. Apple Inc.*,
    No. 20-1629, 2021 WL 1733385 (S.D. Cal. May 3, 2021) .................................................... 14

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ........................................................................................ 2, 14, 15

*Stanwood v. Mary Kay, Inc.*,
    941 F. Supp. 2d 1212 (C.D. Cal. 2012) ............................................................................. 9, 10

*Swearingen v. Late July Snacks LLC*,
    No. 13-4324, 2017 WL 4641896 (N.D. Cal. Oct. 16, 2017) .................................................. 12

*Taragan v. Nissan N. Am., Inc.*,
    No. 09-3660, 2013 WL 3157918 (N.D. Cal. June 20, 2013) .................................................... 9

*Williams v. Gerber Products Co.*,
    552 F.3d 934 (9th Cir. 2008) .................................................................................................... 5

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) .................................................................................................. 8

*Workman v. Plum Inc.*,
    141 F. Supp. 3d 1032 (N.D. Cal. 2015) .................................................................................. 5

*Younan v. Equifax Inc.*,
    111 Cal. App. 3d 498 (1980) ............................................................................................... 9

**Statutes**

Cal. Bus. & Prof. Code § 17580.5 ............................................................................................ 10, 11

Cal. Pub. Res. Code § 40180 .......................................................................................................... 3

Cal. Pub. Res. Code § 42355 ................................................................................................ 10, 11, 12

**Other Authorities**

16 C.F.R. § 260.12 ......................................................................................................................... 11

## INTRODUCTION

In her opposition brief, Plaintiff doubles down on her allegation that Reynolds misrepresents that Hefty recycling bags "are, in fact, recyclable." Opp'n at 1. But the labeling of Hefty recycling bags makes no such representation. Neither the use of the phrase "recycling bag" nor the other claims on the packaging suggest that Hefty recycling bags are *themselves* recyclable. Plaintiff's subjective and unreasonable belief that any product used in the recycling process must be recyclable does not transform Reynolds's truthful statements into affirmative misrepresentations. And to the extent Plaintiff seeks to hold Reynolds liable for failing to disclose that its recycling bags are allegedly not recyclable, that supposed fact is not contrary to any representation on the labeling and is not a fact Reynolds has a duty to disclose under California law.

Nor has Plaintiff plausibly alleged that Hefty recycling bags are not "suitable for disposing of recyclable waste." Opp'n at 1. Plaintiff does not dispute that Hefty recycling bags can be used to hold recyclable goods and that their transparency helps consumers and recycling facilities distinguish trash from recyclables. And while Plaintiff downplays the number of cities that mandate the use of recycling bags, she does not dispute the existence of such mandates. Thus, the only thing that allegedly renders Hefty recycling bags unsuitable for holding recyclables is their purported non-recyclability. But because Reynolds does not make a recyclability claim, Plaintiff's suitability claim necessarily fails as well.

Plaintiff's claim under the UCL's "unlawful" prong fares no better. That claim rests on the false assumption that Reynolds's representations — including the use of the term "recycling bag" — suggest that Hefty recycling bags are "recyclable" or otherwise amount to environmental marketing claims at all. Moreover, leaving aside her inability to establish a predicate violation of California's environmental marketing statutes or the FTC's "Green Guides," the UCL's "unlawful" prong does not impose strict liability on manufacturers like Reynolds. Instead, it requires Plaintiff to show that Reynolds's conduct injured (*i.e.*, deceived) her. Absent any plausible allegation that the labeling of Hefty recycling bags falsely implies they are recyclable, Plaintiff has not stated a plausible claim under the UCL's "unlawful" prong.

That leaves only Plaintiff's claim under the "unfair" prong. Despite Plaintiff's insistence to the contrary, California's public policy in favor of recycling and against misleading environmental marketing claims does not make it "unfair" for Reynolds to sell bags designed to hold recyclable waste or to label them with the phrase "recycling bags." Leaving aside the fact that many municipalities mandate the use

REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 4:21-cv-03434-JSW

of recycling bags, Plaintiff has not plausibly alleged that the removal of the phrase "recycling bags" — or any of the other representations she challenges — will meaningfully further California's public policy in favor of reducing plastic waste. And while Plaintiff faults Reynolds for not addressing the "balancing test" and the "FTC test," her complaint does not articulate a violation of either test, and she cannot shift the burden to Reynolds to preempt her reliance on these tests in her opposition brief.

Finally, leaving aside these core flaws, this Court should dismiss Plaintiff's claims for equitable relief — including her claims under the UCL and FAL — because she has not plausibly alleged that she lacks an adequate remedy at law, as is required under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020). Although Plaintiff argues that she is entitled to seek damages and equitable relief in the alternative, *Sonner* makes clear that Plaintiff must *plead* that she lacks an adequate remedy at law — which she cannot do if she also seeks damages as relief for the same injury. And while Plaintiff claims that she is entitled to equitable relief for her "prospective and continuing injury" (Opp'n at 15), she does not articulate why money damages are not sufficient to make her whole for these injuries as well. Because Plaintiff has not plausibly alleged an inadequate legal remedy, her equitable claims necessarily fail.

## ARGUMENT

### I.   Plaintiff Has Not Plausibly Alleged Any Affirmative Misrepresentation.

In her opposition brief, Plaintiff claims that she has advanced "two theories of affirmative deception": (1) that Hefty recycling bags "are unrecyclable"; and (2) that they are "unsuitable for disposing of recyclable waste." Opp'n at 2. Neither theory is even remotely plausible.

#### A.   Reynolds does not represent that Hefty recycling bags are "recyclable."

Relying primarily on *Ham v. Hain Celestial Group, Inc.*, 70 F. Supp. 3d 1188 (N.D. Cal. 2014), Plaintiff argues that the deceptiveness of Reynolds's labeling is not susceptible to resolution at the pleading stage. Opp'n at 2. But this Court can readily determine, "as a matter of law," that "no reasonable consumer" would be misled by the labeling of Hefty recycling bags. *Forouzesh v. Starbucks Corp.*, 714 F. App'x 776, 777 (9th Cir. 2018) (citing *Ebner v. Fresh, Inc.*, 838 F.3d 958 (9th Cir. 2016)). And that is particularly true where, as here, Plaintiff's lawsuit is based on her "unreasonable assumptions" about the product. *Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1229-30 (9th Cir. 2019); *see also Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 17 (N.D. Cal. 2020) (emphasizing that it is "not . . .

appropriate to base liability off of a *misunderstanding*" of the defendant's labeling) (emphasis in original).[1]

Here, Plaintiff does not — and cannot — point to any express representation that Hefty recycling bags are "recyclable." Instead, she attempts to draw this inference from the name "recycling bag," as well as other statements that reference the role of recycling bags in the recycling process. *See* Opp'n at 2. Reynolds does not dispute that Hefty recycling bags are "specially made for recycling" or that it touts their role in the recycling process. *Id.* But that is not the same as representing that they are *recyclable*, as an item — like a recycling bin or a recycling truck — can play a role in the recycling process even if it cannot be recycled. Plaintiff quibbles with this comparison by arguing that "a bag designed for recycling[] is designed to be placed in a recycling bin with other recyclables."[2] Opp'n at 4. But Plaintiff overlooks that a recycling bag, like a recycling bin or a recycling truck, is designed to *hold* other recyclables. Indeed, the labeling of Hefty recycling bags — which states that they are "designed to handle all types of recyclables" and includes a photo of recyclable waste inside a recycling bag — makes this point clear. *See* RJN Ex. 4.

Plaintiff then attempts to distinguish *Becerra* and *Cheslow* by arguing that Reynolds's use of the term "recycling bag" is not consistent with the dictionary definition of recycling — *i.e.*, "the action or process of converting waste into reusable material" or "waste material set aside to be recycled." Opp'n at 4 (citation and internal quotation marks omitted). But neither these dictionary definitions nor the statutory definition of "recycling" (*see* Cal. Pub. Res. Code § 40180) requires that every item involved in the recycling process *be* recyclable. There is no dispute that Hefty recycling bags can be used in the recycling process. Their clear or transparent blue color signals that they hold recyclable goods, as opposed to an opaque plastic bag that holds ordinary, non-recyclable trash. And for those consumers who live in municipalities that require the use of recycling bags, they play an essential and indispensable role in

---

[1] *See also, e.g.*, *Prescott v. Nestle USA, Inc.*, No. 19-7471, 2020 WL 3035798, at *3 (N.D. Cal. June 4, 2020) ("A plaintiff's mistaken belief about the product, untethered to a statement or representation by the defendant, is insufficient to state a claim . . . ."); *Boris v. Wal-Mart Stores, Inc.*, 35 F. Supp. 3d 1163, 1170 (C.D. Cal. 2014), *aff'd*, 649 F. App'x 424 (9th Cir. 2016) ("A merchant's liability cannot be premised solely on a consumer's assumptions about a product . . . ."). Plaintiff notes that the "assumptions" at issue in *Boris* related to the product's price and the color of its packaging (*see* Opp'n at 4 n.2), but she articulates no reason why the principle articulated in *Boris* should be limited to those specific assumptions.

[2] Moreover, whether or not a recycling bag is recyclable, Plaintiff admits in her complaint that most municipal recycling facilities will throw "bagged items . . . in the trash." Compl. ¶ 4. The bags' alleged lack of recyclability accordingly has no impact on whether the waste contained therein will be recycled.

ensuring that waste is recycled.

In other words, Plaintiff unreasonably conflates the term "recycling" (which implies that a product plays some role in the recycling process) with the term "recyclable" (which implies that an item can be recycled and reconstituted into new material).  That fact distinguishes this case from *Davidson v. Kimberly-Clark Corp.*, in which the defendant's use of the term "flushable" did not conform to "dictionary definitions" of flushable wipes and "Kimberly-Clark's own statement on its website that its flushable wipes are flushable due to patented technology that allows them to lose strength and break up when moving through the system after flushing."  889 F.3d 956, 964-65 (9th Cir. 2018).  It also distinguishes this case from *Bush v. Rust-Oleum Corp.*, in which the defendant's use of the terms "non-toxic" and "earth-friendly" were allegedly inconsistent with the way those terms were defined by the FTC.  No. 20-3268, 2021 WL 24842, at *5 (N.D. Cal. Jan. 4, 2021).  And it differentiates this case from *Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*, in which the plaintiff offered survey evidence that consumers understood the phrase "Made with Real Ginger" to imply the presence of ginger root.  345 F. Supp. 3d 1111, 1118 (N.D. Cal. 2018).

In all three cases, the court focused on the alleged falsity of representations the defendant *actually made.*  Here, in contrast, Plaintiff's claims are premised on her subjective and unreasonable belief that Hefty recycling bags are "recyclable" — a term Reynolds *never used* to describe its recycling bags.  In fact, the only recyclability claim on the Hefty packaging is expressly limited to the *cardboard box.  See* RJN Ex. 4.  Plaintiff's claims are accordingly implausible because they are "untethered to a statement or representation by the defendant."  *Prescott*, 2020 WL 3035798, at *3; *see also Gudgel v. Clorox Co.*, --- F. Supp. 3d ----, 2021 WL 212899, at *4-5 (N.D. Cal. Jan. 21, 2021) (holding that consumer's assumption that Clorox splash-less bleach was capable of disinfection did not amount to a plausible claim, as there were no "words or images on the product's label" that would "lead a reasonable consumer to believe that the product was capable of sanitizing or disinfecting").[3]  Plaintiff cannot hold Reynolds liable simply because she "assume[s] things about the products *other than* what the statement[s] actually say."  *Red v. Kraft Foods Inc.*, No. 10-1028, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012) (emphasis in original).

---

[3] Plaintiff argues that *Gudgel* is distinguishable because "there was no representation that the product could be used for disinfecting."  Opp'n at 4 n.2.  That does not distinguish *Gudgel*: just as the product there did not claim to be suitable for disinfecting, Hefty recycling bags do not claim to be recyclable.

Plaintiff's interpretation of the term "recycling bag" is even more specious because it ignores the prominent statement that Hefty recycling bags are "developed for use in municipal recycling programs *where applicable*." Compl. ¶ 18 (emphasis added). In other words, they are designed for use in those municipal programs — like those in Auburn, Mount Shasta, and Riverbank, as well as countless other cities throughout California and the United States — that require (or permit) consumers to place recyclables in recycling bags prior to pick-up.[4] *See* RJN Ex. 1-3. Plaintiff's counter-arguments miss the mark. While she claims that Reynolds's labeling is still likely to mislead the "significant portion" of consumers who do not live in these municipalities (Opp'n at 5), the labeling makes clear that the recycling bags are intended for use in municipal recycling programs only where "suitable" or "appropriate," not in all such programs. *See* "Applicable," DICTIONARY.COM. Plaintiff's erroneous conflation of the terms "applicable" and "available" only serves to highlight her idiosyncratic interpretation of the product labeling. Opp'n at 5 (asserting without support that the phrase "for use in municipal recycling programs where applicable" could be read as "wherever curbside municipal recycling is available").

Plaintiff then relies on *Williams v. Gerber Products Co.*, 552 F.3d 934 (9th Cir. 2008) to argue that she "is not required to cross-check the representations on the front of the label with those made on the back." Opp'n at 5. But *Williams* stands only for the uncontroversial proposition that a defendant cannot make an affirmative misrepresentation on the front of the box and correct it on the back. When the front of the package contains no affirmative misrepresentations, as is the case here, *Williams* does not preclude the Court from considering representations on the back of the package that clarify the meaning of the term "recycling bag." *See Workman v. Plum Inc.*, 141 F. Supp. 3d 1032, 1036 (N.D. Cal. 2015) (granting motion to dismiss and noting that "*Williams'* applicability" is "limited to affirmative misrepresentations").

### B. Plaintiff's "suitable for recycling" theory is similarly implausible.

Plaintiff also asserts that Reynolds misrepresents that Hefty recycling bags are "suitable for disposing of recyclable waste." Opp'n at 1. But she does not dispute, for example, that the bags are indeed

---

[4] Plaintiff repeatedly suggests that these three municipalities represent only 0.1% of California's population and that "99.9% of recycling programs in California classify the Products as a contaminant." Opp'n at 2. To be clear, the three municipalities Reynolds cited are *examples*; they do not represent a comprehensive list of all municipalities in California (or the United States) that require recycling bags. Plaintiff's insistence that these are the *only* three places in California that require recycling bags defies logic and common sense — which this Court must apply in considering whether Plaintiff's allegations are plausible.

"transparent for quick sorting and curbside identification," or that they come in colors distinct from ordinary white or black garbage bags.  Instead, she suggests that the bags are unsuitable for recycling for two reasons — neither of which amount to a plausible claim:

<u>First</u>, Plaintiff suggests that Hefty recycling bags are not "suitable for disposing of recyclable waste" because they are not recyclable.  Opp'n at 2.  But as explained earlier and in Reynolds's motion to dismiss, Reynolds does not represent that its Hefty recycling bags are recyclable.  Even if Plaintiff subjectively believes that a product is not suited for recycling unless it is recyclable, that belief does not amount to an affirmative misrepresentation and does not support a plausible claim of deception.

<u>Second</u>, Plaintiff suggests in passing that Hefty recycling bags "contaminate the recyclable waste stream" and "decrease the recyclability of otherwise recyclable materials" because recyclables "should be placed directly in a collection bin *without the use of a plastic bag or liner*."  Opp'n at 2; Compl. ¶ 29.  But Plaintiff's idiosyncratic view that bags should play no role in the recycling process does not make it misleading for Reynolds to sell recycling bags to consumers who prefer them over opaque trash bags (or who are required by their municipal recycling systems to use them).  Indeed, the logical implication of Plaintiff's position is that it would be per se misleading to sell *any* bag designed to hold recyclable waste — whether or not it is recyclable.  This Court should accordingly reject Plaintiff's claim that Reynolds misrepresents Hefty recycling bags as being suitable for use in the recycling process.

### C.  Reynolds's website does not support Plaintiff's claims of misrepresentation.

In addition to challenging the claims on the labeling of Hefty recycling bags, Plaintiff also takes issue with a variety of claims that appear on Reynolds's website, which allegedly "provides additional misrepresentations about the suitability of the Products for recycling."  Compl. ¶ 20.  But Plaintiff does not allege that she viewed those alleged "misrepresentations" before buying Hefty recycling bags; to the contrary, she alleges that she bought them at a store near here home after "read[ing] the claim 'Recycling' bags on the Products."  *Id.* ¶ 40.  Because she did not see or rely on Reynolds's website before she purchased Hefty recycling bags, she cannot allege that any of the "additional misrepresentations" on the website misled her.  *See* MTD at 10 n.5 (compiling cases supporting this proposition).

Although Plaintiff concedes that she did not visit the website, she argues that her "allegations relating to Hefty's website and online advertising highlight its *intent* and sustained efforts to deceive

consumers."  Opp'n at 9.  Leaving aside the fact that Hefty's website illustrates no such thing, Hefty's "alleged subjective intent has no bearing on the manner in which a reasonable consumer would interpret" its labeling.  *Robinson v. Unilever U.S., Inc.*, No. 17-3010, 2019 WL 2067941, at *2 (C.D. Cal. Mar. 25, 2019); *see also, e.g.*, *Samet v. Procter & Gamble Co.*, No. 12-1891, 2013 WL 6491143, at *5 (N.D. Cal. Dec. 10, 2013) (noting that a "defendant's intent to deceive is irrelevant" in determining whether a plaintiff's allegations satisfy the reasonable consumer standard).  This Court should not allow Plaintiff to challenge claims on Reynolds's website — which she never saw — in an attempt to transform non-deceptive statements on the Hefty packaging into actionable misrepresentations.[5]

## II.    Plaintiff Has Not Stated a Plausible Fraud-by-Omission Claim.

Plaintiff also asserts that Reynolds "conceals the truth about the Products."  Opp'n at 2; *see also id.* at 5-9 (discussing Plaintiff's fraud-by-omission theory).  But Reynolds's alleged failure to disclose is actionable only if the purportedly withheld information is either "contrary to a representation actually made by the defendant" or "an omission of a fact the defendant was obliged to disclose."  *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 835 (2006).  Plaintiff has not satisfied either standard.

Plaintiff first argues that she has stated a plausible fraud-by-omission claim because the products' alleged lack of recyclability is contrary to Reynolds's use of the phrase "recycling bags," which — according to Plaintiff — implies that Hefty recycling bags are themselves recyclable.  *See* Opp'n at 6.  But this argument fails for the same reason as her claim of affirmative misrepresentation: Reynolds does not represent that Hefty recycling bags are recyclable.  That fact distinguishes this case from *Rushing v. Williams-Sonoma Inc.*, in which the defendant affirmatively represented that its sheets had a higher thread count than they did.  No. 16-1421, 2016 WL 4269787, at *1-2 (N.D. Cal. Aug. 15, 2016).  It also distinguishes this case from *Rutledge v. Hewlett-Packard Co.*, in which the defendant described its laptop computers as "reliable, manageable, stable, secure and expandable," even though they allegedly had a defect that "cause[d] display screens to dim and darken at some point before the end of the notebook's

---

[5] Plaintiff's reliance on *Musgrave v. ICC/Marie Callender's Gourmet Products Division*, No. 14-2006, 2015 WL 510919 (N.D. Cal. Feb. 5, 2015), is misplaced.  The *Musgrave* court did not permit the plaintiff to assert claims based on statements that appeared on the website.  Instead, it found that the plaintiff had plausibly alleged claims based on the *packaging* of the challenged products and denied the defendant's motion to strike allegations related to the website.  *See id.* at *11.  Reynolds does not seek to strike any allegations related to the website, but those allegations do not give rise to a plausible claim.

useful life." 238 Cal. App. 4th 1164, 1168, 1176 (2015). Absent an affirmative representation of recyclability, Plaintiff cannot establish that the bags' alleged lack of recyclability is "contrary to a representation actually made by the defendant." *Daugherty*, 144 Cal. App. 4th at 835.

Plaintiff then argues that she has sufficiently alleged that Reynolds has a duty to disclose that its recycling bags are not recyclable. *See* Opp'n at 6-9. But she does not dispute that "California courts have generally rejected a broad obligation to disclose." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012). Instead, a duty to disclose arises only when "the omission was material," the omission relates to a fact that is "central to the product's function," and "one of the four *LiMandri* factors" applies. *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 863 (9th Cir. 2018). Even assuming that recyclability were material to consumers, Plaintiff's allegations do not satisfy *Hodsdon*'s other two requirements.

<u>Central Function</u>. Under California law, a defect only implicates a product's central function if it concerns an attribute that is "necessary to the function" of the product. *Rutledge*, 238 Cal. App. 4th at 1175; *see also Hodsdon*, 891 F.3d at 864 (noting that the alleged defect must render the product "incapable of use by any consumer"). Here, Plaintiff argues that, because a recycling bag's "principal purpose is to be used as a 'Recycling' bag and to dispose of recyclable waste," Hefty recycling bags' purported lack of recyclability "makes them all but useless for their primary advertised purpose." Opp'n at 6-7. But that argument incorrectly assumes that a recycling bag must *be* recyclable in order to carry out its "central function" of facilitating recycling. Even in those municipalities where recycling bags are not required, a consumer could use a recycling bag to help sort recyclable waste from non-recyclable trash, to line a recycling bin so that it does not need to be cleaned regularly, or to carry a load of recycling to a curbside recycling bin. None of these functions require the bag to be recyclable.

In other words, Reynolds does not argue — as Plaintiff incorrectly claims — that there is no duty to disclose "because a consumer could still use its 'Recycling' bags in rare instances." Opp'n at 7. Reynolds's point is that Hefty recycling bags can be used by *any* consumer to facilitate the recycling process, even if they are not recyclable. And whether or not *Hodsdon* requires that the defect render the product "completely useless" before a duty to disclose arises (Opp'n at 7), it certainly does not impose a broad duty to disclose "any defect which affects a product's central function" in some way. *Knowles v. Arris Int'l PLC*, 847 F. App'x 512, 514 n.1 (9th Cir. 2021); *see also, e.g., Browning v. Unilever U.S., Inc.*,

No. 16-2210, 2018 WL 6615064, at *3 (C.D. Cal. Dec. 17, 2018) (holding that potential of "micro-tears" resulting from the use of the defendant's facial scrub were not sufficiently "counter to the product's central function" to trigger a duty to disclose).

*LiMandri* Factors.  Independent of her failure to satisfy the "central function" requirement, Plaintiff cannot establish a duty to disclose because she has not plausibly alleged that any of the *LiMandri* factors apply.  *See Hodsdon*, 891 F.3d at 863; *see also LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997) (setting forth four circumstances under which "nondisclosure or concealment may constitute actionable fraud," including when "the defendant actively conceals a material fact" and "when the defendant makes partial representations but also suppresses some material facts").  Plaintiff asserts that she has plausibly alleged both "active concealment" and "partial representations" (*see* Opp'n at 8), but she is wrong.

Hefty's alleged failure to disclose that its recycling bags are "made from LDPE plastic" and are "not fit for recycling" (Opp'n at 8) does not constitute active concealment.  "An allegation of active concealment must plead more than an omission; rather, a plaintiff must assert *affirmative acts* of concealment; *e.g.*, that the defendant sought to suppress information in the public domain or obscure the consumers' ability to discover it."  *Taragan v. Nissan N. Am., Inc.*, No. 09-3660, 2013 WL 3157918, at *7 (N.D. Cal. June 20, 2013) (emphasis added) (citation and internal quotation marks omitted).  Plaintiff's complaint is bereft of any factual allegations showing that Reynolds took any *affirmative action* to conceal from consumers that Hefty recycling bags are not recyclable.[6]  At most, it alleges a mere failure to disclose — which does not amount to "active concealment" under California law.[7]  *See Younan v. Equifax Inc.*, 111

---

[6] In her opposition brief, Plaintiff points to paragraph 37 of her complaint in alleging that she has "plausibly alleged that the Products are not fit for recycling to 'capitalize on consumer demand for "green" products.'" Opp'n at 8 (quoting Compl. ¶ 37).  Paragraph 37 does not use the phrase "concealment."  Nor does it identify a single step Reynolds allegedly undertook to conceal any facts from the public.  Instead, it alleges (in conclusory terms) that Reynolds intended consumers to believe its recycling bags are suitable for recycling and that reasonable consumers believe that to be the case.  *See* Compl. ¶ 37.

[7] Despite Plaintiff's suggestion to the contrary, neither *Younan* nor *Stanwood v. Mary Kay, Inc.*, 941 F. Supp. 2d 1212 (C.D. Cal. 2012) suggest that she has plausibly alleged "active concealment."  In *Younan*, the plaintiff specifically alleged that the defendant took affirmative acts to conceal facts from the plaintiff.  *See* 111 Cal. App. 3d at 512.  In *Stanwood*, the court did not find that the defendant had "actively concealed" any facts; instead, it found that a duty to disclose arises so long as a fact is material.  *See* 941 F. Supp. 2d at 1221.  But that case predates *Hodsdon*, which makes clear that a plaintiff must establish *both* that an omission is material *and* that the *LiMandri* factors apply before a duty to disclose arises.  *See Hodsdon*, 891 F.3d at 863.  And even before the Ninth Circuit affirmed his ruling in *Hodsdon*, Judge

Cal. App. 3d 498, 512 (1980); *Gray v. Toyota Motor Sales, U.S.A.*, No. 08-1690, 2012 WL 313703, at *9 (C.D. Cal. Jan. 23, 2012), *aff'd*, 554 F. App'x 608 (9th Cir. 2014) ("[I]f mere nondisclosure constituted 'active concealment,' the duty requirement would be subsumed and any material omission would be actionable.  This is not the law.").

Plaintiff then argues that she has plausibly alleged a duty to disclose because Reynolds made "partial representations" about the recyclability of its products.  *See* Opp'n at 8.  But as Reynolds has now argued at length, none of the representations challenged in this case speak one way or the other as to the recyclability of Hefty recycling bags.  This is not a case like *Doe v. Successfulmatch.com*, in which the defendant stated that user profiles *may* be shared with other websites when it knew that those profiles *would* be shared with other websites. 70 F. Supp. 3d 1066, 1077 (N.D. Cal. 2014).  Instead, it is a case where the labeling is silent as to the products' recyclability.  And that is fatal to Plaintiff's failure-to-disclose claim, as "[l]iability cannot arise from silence unless the law commands the defendant to speak." *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*, 162 Cal. App. 4th 858, 867 (2008).  Absent any plausible allegations establishing a duty to disclose, Plaintiff cannot state a fraud-by-omission claim.[8]

### III.   Plaintiff Has Not Stated a Plausible Claim Under the UCL's "Unlawful" Prong.

In addition to alleging that Reynolds's labeling is deceptive, Plaintiff also alleges that it violates the FTC's "Green Guides," sections 42355 and 42355.5 of the California Public Resources Code, and the Environmental Marketing Claims Act ("EMCA"), Cal. Bus. & Prof. Code § 17580 *et seq.  See* Compl. ¶¶ 31-36, 89-93.  She then attempts to use these violations as a predicate for a claim under the UCL's "unlawful" prong.[9]  *See id.* ¶¶ 94-102.  That claim fails for two independent reasons:

---

Seeborg declined to follow *Stanwood*, noted that there was "overwhelming authority to the contrary," and commented that the duty to disclose required by *Stanwood* "has stunning breadth."  *Hodsdon v. Mars, Inc.*, 162 F. Supp. 3d 1016, 1025-26 (N.D. Cal. 2016); *see also Hall v. Sea World Entm't, Inc.*, No. 15-660, 2015 WL 9659911, at *7 n.10 (S.D. Cal. Dec. 23, 2015) (declining to follow *Stanwood* and noting that it would impose a "virtually limitless duty to disclose" on defendants).

[8] Further, even if Plaintiff could state a fraud-by-omission claim, that would not support her claim under the FAL or her claim for negligent misrepresentation, both of which require an affirmative representation. *See* MTD at 7 n.1.  Plaintiff argues that she can still state a FAL or negligent misrepresentation claim premised on "contrary or partial representations" (Opp'n at 9 n.6), but she does not dispute that these claims require some affirmative misrepresentation, rather than a pure omission.

[9] In her complaint, Plaintiff also asserted a stand-alone claim for "greenwashing" in violation of the ECMA.

First, none of Reynolds's labeling claims — including the use of the nomenclature "recycling bag" — violate the statutes and regulations cited in the complaint. The Green Guides prohibit manufacturers from deceptively representing that their products are "recyclable." *See* 16 C.F.R. § 260.12 ("Recyclable Claims."). Likewise, section 42355 of the California Public Resources Code prohibits manufacturers from deceptively representing that a product is "degradable," "biodegradable," "decompostable," or "other like terms."[10] Cal. Pub. Res. Code § 42355(d). And the EMCA only prohibits manufacturers from making an "untruthful, deceptive, or misleading environmental marketing claim," including those set forth in the Green Guides. Cal. Bus. & Prof. Code § 17580.5. Here, Reynolds's use of the term "recycling bag" and its statements about the products' role in the recycling process do not amount to claims that those products are "recyclable," "degradable," "biodegradable," "decompostable," or any other "like term." In other words, the challenged representations are not "environmental marketing claims" at all. And because they are not "environmental marketing claims," section 42355.5 of the California Public Resources Code, which requires substantiation for environmental marketing claims, does not apply here.[11]

Plaintiff argues at length that these statutes apply not only to claims that *use* the terms "recyclable," "degradable," "biodegradable," or "decompostable," but also to claims that *imply* that a product has these qualities. *See* Opp'n at 10-11. Plaintiff misses the point. Reynolds did not argue that its labeling falls outside the ambit of these statutes because it did not use these "magic words." Instead, the critical point is

*See* Compl. ¶¶ 89-93. Plaintiff concedes, however, that the EMCA does not provide a private right of action and that her "EMCA cause of action is brought pursuant to the unlawfulness prong of the UCL." Opp'n at 12 n.10; *see also* MTD at 11-12 (noting that the EMCA lacks a private right of action).

[10] Plaintiff argues that section 42355 is not limited to these claims and that it reflects a broader "public policy with regard to false environmental claims on plastic products." Opp'n at 11. Leaving aside the fact that Reynolds's labeling includes no "false environmental claims," a defendant's conduct is not unlawful simply because it allegedly offends public policy. Whether or not such conduct could potentially sustain a claim under the UCL's "unfair" prong (which is not the case here, *see infra* § IV), Plaintiff cannot state an "unlawful" claim without establishing a predicate violation of a statute or a regulation.

[11] Moreover, it is not clear how Reynolds has failed to "substantiate" its claim that its products are recycling bags designed to hold recyclable waste, or even how one *could* substantiate such a claim. In any event, California law makes clear that the UCL does not permit private plaintiffs to assert lack-of-substantiation claims, even when the underlying law that serves as the predicate for the UCL claim requires the defendant to substantiate its advertising claims. *See generally Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*, 107 Cal. App. 4th 1336, 1341-42 (2007); *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1095-96 (9th Cir. 2017) ("[P]rivate plaintiffs, unlike prosecuting authorities, do not have the power to require defendants to substantiate their advertising claims . . . .").

that Reynolds's labeling does not imply that its products are recyclable, which means that the challenged representations are not environmental marketing claims and are therefore not unlawful.  The mere fact that Plaintiff misinterpreted the term "recycling bag" as a claim of recyclability or environmental superiority does not transform it into an environmental marketing claim.  *See Hill v. Roll Int'l Corp.,* 195 Cal. App. 4th 1295, 1304-05 (2011) (holding that the use of a "green drop" on Fiji water was not an environmental marketing claim and did not violate the Green Guides or the EMCA).[12]

Second, even if Plaintiff were correct that the labeling of Hefty recycling bags violated the Green Guides, section 42355, or the EMCA (which she is not), she must *also* allege that this labeling is likely to mislead a reasonable consumer.  Plaintiff argues that this is not the case, as it would mean that "the UCL unlawful prong would be completely subsumed by the deceptive prong."  Opp'n at 11.  But whether or not the UCL's "unlawful" prong *always* requires a plaintiff to establish that the defendant's labeling is likely to mislead a reasonable consumer, it assuredly does so where, as here, the predicate statutes and regulations prohibit deceptive advertising.  *See Hill,* 195 Cal. App. 4th at 1305 (noting that the EMCA permits the use of environmental marketing claims "provided only that they do not mislead reasonable consumers"); *Swearingen v. Late July Snacks LLC*, No. 13-4324, 2017 WL 4641896, at *3 (N.D. Cal. Oct. 16, 2017) (holding that "unlawful" claim premised on FDA food labeling regulations "sounds in misrepresentation" because the underlying regulations prohibited misleading labeling claims).

Plaintiff's then argues that labeling is "per se deceptive" if it violates the Green Guides.  Opp'n at 12.  But California courts have repeatedly rejected the proposition that labeling is *per se* deceptive because it violates a statute or regulation.  *See, e.g.*, *Shaeffer v. Califia Farms, LLC*, 44 Cal. App. 5th 1125, 1144 (2020) (affirming order sustaining demurrer to "unlawful" claim and rejecting the argument that the omission of a disclaimer required by an FDA regulation was "material as a matter of law because its inclusion is (sometimes) mandated by the federal regulation").  And if a violation of the Green Guides were *per se* deceptive, there would have been no reason for the *Hill* court to separately analyze whether the defendant's labeling — which allegedly violated the Green Guides — was likely to mislead a reasonable consumer.  *See Hill*, 195 Cal. App. 4th at 1304-05.  Because Plaintiff has not plausibly alleged

---

[12] Plaintiff attempts to distinguish *Hill* by noting that the plaintiff construed the "green drop" as a third-party seal of approval.  *See* Opp'n at 11.  She ignores, however, that the plaintiff *also* construed it as a claim of environmental superiority — a claim that the Court of Appeal found untenable.

1   that Reynolds's labeling is deceptive (*see supra* §§ I-II), her "unlawful" claim necessarily fails as well.

2   **IV.**   **Reynolds's Labeling of Hefty Recycling Bags Does Not Violate the UCL's "Unfair" Prong.**

3        In her complaint, Plaintiff alleged that Reynolds's "marketing of the Products as suitable and

4   beneficial for recycling purposes is an unfair practice under the UCL, as it undermines both state and local

5   policies of reducing the amount of plastic in landfills and the amount of pollution from plastic in the

6   environment." Compl. ¶ 30. In other words, Plaintiff invoked the "tethering test," under which conduct

7   can be "unfair" if it violates a "public policy" that is 'tethered to specific constitutional, statutory, or

8   regulatory provisions.'"[13] *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1260-61 (2006). To

9   satisfy that test, Plaintiff must plead a "close nexus between the challenged act and the legislative policy"

10   at issue. *Hodsdon*, 891 F.3d at 866. She has not done so here.

11       Plaintiff attempts to satisfy the "tethering test" by arguing that Reynolds's conduct offends

12   California's legislative policies against plastic waste.[14] *See* Opp'n at 13. But Plaintiff does not even

13   *attempt* to articulate how the challenged conduct — the use of the nomenclature "recycling bags" and other

14   labeling claims — results in the use of more plastic bags than would occur if Reynolds did not label the

15   products with this term, or how the removal of these labeling claims will affect consumers' recycling

16   practices in any way. And it is difficult to fathom how the sale of recycling bags could offend public policy

17   when many municipalities in California require their use. Any supposed nexus between the use of the

18   phrase "recycling bag" and the accumulation of plastic waste is "too far removed" to state a claim under

19   the UCL's "unfair" prong. *Hodsdon*, 891 F.3d at 866; *see also* MTD at 13 n.6 (citing additional cases).

20        Moreover, despite her eleventh-hour insistence that Reynolds can sell its recycling bags in a "non-

21   deceptive manner" (Opp'n at 13), her complaint makes clear that her "unfair" claim is based on the use of

22   recycling bags writ large — regardless of whether they are recyclable or how they are labeled. For

23

24   [13] Plaintiff faults Reynolds for not discussing the "balancing test" and the "FTC test" as well. *See* Opp'n

25   at 12. But Plaintiff did not reference these tests in her complaint, leaving Reynolds "to guess as to what
     conduct Plaintiff[] alleged satisfied the 'unfair' prong of the UCL." *Doe v. CVS Pharmacy, Inc.*, 982 F.3d

26   1204 (9th Cir. 2020), *cert. granted on other grounds*, --- S. Ct. ---- (July 2, 2021). She cannot withstand
     dismissal by asserting these new "unfair" claims in her opposition brief.

27   [14] Although Plaintiff also references California's public policy against misleading and unsubstantiated

28   environmental marketing claims (Opp'n at 13), none of Reynolds's marketing claims — including the use
     of the phrase "recycling bag" — violate this public policy in any way. *See infra* § III.

example, she asserts that municipal recycling facilities typically throw away bagged recyclables whether or not the bag is recyclable (*see* Compl. ¶ 4) and that recyclables should be placed in a recycling bin without the use of any bag or liner (*see id.* ¶ 29).  But Plaintiff's personal views about the utility of recycling bags do not make it "unfair" or counter to public policy for Reynolds to market its products as "recycling bags" — particularly since many municipalities expressly require their use.  *See generally Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 184 (1999) (noting that a claim under the "unfair" prong cannot be based on "purely subjective notions of fairness").  This Court should reject Plaintiff's effort to use the UCL to stamp out the use of recycling bags.

## V.   Plaintiff Cannot Seek Equitable Relief Because She Has an Adequate Remedy at Law.

In *Sonner v. Premier Nutrition Corp.*, the Ninth Circuit made clear that a plaintiff cannot seek equitable relief under California's consumer fraud statutes without establishing that she lacks an adequate remedy at law.  971 F.3d at 844.  Here, Plaintiff does not dispute that her lawsuit seeks to recover the "price premium" allegedly attributable to Reynolds's use of the phrase "recycling bag" and the other challenged labeling claims.  Because Plaintiff's CLRA, common-law fraud, and negligent misrepresentation claims permit her to recover money damages as compensation for that alleged injury, she has an adequate remedy at law — which precludes her UCL and FAL claims, as well as her claims for restitution, an injunction, and other equitable relief.  Plaintiff's counterarguments are unavailing.

Plaintiff first argues that *Sonner* does not impose a "bar to pleading alternative remedies."  Opp'n at 14.  But the Ninth Circuit foreclosed this argument in *Sonner*, which makes clear that a plaintiff must "*plead* 'the basic requisites for the issuance of equitable relief' including 'the inadequacy of remedies at law.'"  971 F.3d at 844 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 ((1974)) (emphasis added).  For that reason, virtually every post-*Sonner* court has held that a plaintiff cannot plead an equitable claim "in the alternative" without plausibly alleging that she lacks an adequate remedy at law.[15]

Plaintiff then argues that *Sonner* does not bar her from seeking equitable relief in connection with her claims under the UCL's "unlawful" and "unfair" prongs because those claims are premised on different theories than her claims premised on fraudulent or deceptive conduct.  *See* Opp'n at 14-15.  But even if

---

[15] *See, e.g.*, *Shay v. Apple Inc.*, No. 20-1629, 2021 WL 1733385, at *5 (S.D. Cal. May 3, 2021); *Sharma v. Volkswagen AG*, --- F. Supp. 3d ----, 2021 WL 912271, at *8 (N.D. Cal. Mar. 9, 2021); *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020).  This is far from an exhaustive list of such cases.

that is so, Plaintiff alleges the same *injury* resulting from that conduct — *i.e.*, paying a "price premium" for Hefty recycling bags that she would not have paid but for the use of the challenged marketing claims. In other words, even if the UCL separately prohibits "unlawful," "unfair," and "fraudulent" conduct, a violation of the UCL implicates only one "primary right" to be "free from the particular injury suffered." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 904 (2002) (distinguishing a violation of a "primary right" from "the *legal* theory on which liability for that injury is premised") (emphasis in original).[16]  If money damages are sufficient to make Plaintiff whole for the *same* alleged injury premised on the *same* alleged conduct that allegedly violates the *same* primary right, the fact that Plaintiff asserts multiple *theories* under the UCL does not make her legal remedies inadequate.

Finally, Plaintiff argues that money damages are not sufficient to "provide relief for her prospective and continuing injury."  Opp'n at 15.  But several courts have rejected this exact argument and have held that *Sonner* also bars claims for "prospective injunctive relief," as "none of its reasoning suggests that it is limited to claims for restitution for past harms and not to purported future or ongoing harms."  *Clark v. Am. Honda Motor Co.*, --- F. Supp. 3d ----, 2021 WL 1186338, at *8 (C.D. Cal. Mar. 25, 2021); *see also Huynh v. Quora, Inc.* --- F. Supp. 3d ----, 2020 WL 7495097, at *19 (N.D. Cal. Dec. 21, 2020) (similar).  Plaintiff argues that *Clark* and *Quora* are distinguishable because the plaintiffs did not plead that they lacked an adequate remedy at law for these injuries.  *See* Opp'n at 15.  But Plaintiff's conclusory allegation that she lacks an adequate remedy at law does not change the fact that money damages are sufficient to compensate her for any "price premium" injury — whether she suffered that injury in the past or the future.  *See Gardiner v. Walmart Inc.*, No. 20-4618, 2021 WL 2520103, at *7 (N.D. Cal. Mar. 5, 2021) (White, J.) (relying on *Sonner* and *Huynh* to dismiss claim seeking prospective relief).  *Sonner* applies with equal force to Plaintiff's claim for "prospective" relief.

## **CONCLUSION**

This Court should dismiss Plaintiff's complaint with prejudice and without leave to amend.

---

[16] *Elgindy v. AGA Service Co.*, No. 20-6304, 2021 WL 1176535 (N.D. Cal. Mar. 29, 2021) and *In re JUUL Labs., Inc. Marketing, Sales Practices, & Products Liability Litigation*, 497 F. Supp. 3d 552 (N.D. Cal. 2020) do not address the question of whether an alleged violation of multiple prongs of the UCL can give rise to a violation of more than one primary right, which renders them unpersuasive.

1  DATED:  July 20, 2021                    JENNER & BLOCK LLP

2

3                                    By:        /s/      Kate T. Spelman
                                                       Kate T. Spelman
4
                                     Attorneys for Defendants
5                                    Reynolds Consumer Products Inc. and
                                     Reynolds Consumer Products LLC
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 4:21-cv-03434-JSW