**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar No. 269109)
kspelman@jenner.com
Alexander M. Smith (Cal. Bar No. 295187)
asmith@jenner.com
Madeline P. Skitzki (Cal. Bar No. 318233)
mskitzki@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054
Telephone:    (213) 239-5100
Facsimile:     (213) 239-5199

Attorneys for Defendants
Reynolds Consumer Products Inc.
and Reynolds Consumer Products LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISABETH HANSCOM, on behalf of herself and those similarly situated,<br><br>                    Plaintiffs,<br><br>      v.<br><br>REYNOLDS CONSUMER PRODUCTS INC. and REYNOLDS CONSUMER PRODUCTS LLC,<br><br>                    Defendants. | Case No. 4:21-cv-03434-JSW<br><br>The Honorable Jeffrey S. White<br><br>**REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**<br><br>Hearing Date:    August 13, 2021<br>Hearing Time:   9:00 a.m.<br>Courtroom:       5 (Oakland) |

**INTRODUCTION**

Plaintiff does not dispute that a court ruling on a motion to dismiss may consider matters of public record and other facts properly subject to judicial notice. *See generally MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). It is equally well-established that a court may consider documents "incorporated by reference" in the complaint in ruling on a motion to dismiss. *See generally Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012). Thus, there should be nothing even remotely controversial about taking judicial notice of the four exhibits Reynolds submitted in support of its motion to dismiss: three webpages published by the City of Auburn, the City of Mount Shasta, and the City of Riverbank (Exhibits 1-3), and photographs of the labeling of the Hefty recycling bags at issue in this lawsuit (Exhibit 4), which were incorporated by reference into Plaintiff's complaint. Nonetheless, Plaintiff raises a litany of meritless objections to all four exhibits. This Court should overrule them.

Exhibits 1-3 (Governmental Webpages). Exhibits 1-3 are subject to judicial notice because they consist of "undisputed and publicly available information displayed on government websites." *King v. County of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018); *see also Kater v. Churchill Downs Inc.*, 886 F.3d 784, 788 n.3 (9th Cir. 2018) (taking judicial notice of information "publicly available on the Washington government website"). Plaintiff does not dispute that these webpages were published by the City of Auburn, the City of Mount Shasta, and the City of Riverbank — which makes them subject to judicial notice. And while Plaintiff argues that Reynolds failed to authenticate these websites, it is well-established that a "publication purporting to be issued by a public authority" is "self-authenticating," such that it "require[s] no extrinsic evidence of authenticity in order to be admitted."[1] Fed. R. Evid. 902(5).

Plaintiff attempts to manufacture a dispute about the authenticity of these webpages by speculating that "there is no way to know when the webpages . . . were downloaded, available or accessible" and that there is "no way to verify . . . if the same versions of the webpages were present at the times relevant to the allegations in the complaint." Opp'n at 4. But Plaintiff offers no reason to believe that *any* of the

---

[1] *See also, e.g.*, *Paralyzed Veterans of Am. v. McPherson*, No. 06-4670, 2008 WL 4183981, at *7 (N.D. Cal. Sept. 9, 2008) ("Federal courts consider records from government websites to be self-authenticating under Rule 902(5)."); *Haines v. Home Depot U.S.A., Inc.*, No. 10-1763, 2012 WL 1143648, at *8 (E.D. Cal. Apr. 4, 2012) (same); *Lucent Trans Elec. Co. v. Foreign Trade Corp.*, No. 18-8638, 2019 WL 2620726, at *8 (C.D. Cal. May 21, 2019) ("Information from government websites is self-authenticating.").

municipalities who published these websites — let alone all three — suddenly implemented "blue bag" recycling programs in the period between the filing of the complaint (May 7) and Reynolds's request for judicial notice (June 29). There is accordingly no *reasonable* dispute that these websites were available, and that these municipalities had implemented "blue bag" recycling programs, at the time Plaintiff filed her complaint. *See* Fed. R. Evid. 201 (permitting courts to take judicial notice of facts that are "not subject to *reasonable* dispute") (emphasis added); *Barrett v. Apple Inc.*, --- F. Supp. 3d ----, 2021 WL 872235, at *5 (N.D. Cal. Mar. 4, 2021) (overruling objections to defendant's request for judicial notice where "the Court does not find [the plaintiffs'] dispute reasonable").

Relying on *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), Plaintiff then argues that the incorporation-by-reference doctrine does not permit Reynolds to rely on websites not cited in the complaint to "establish that Plaintiff fails to plead any cause of action." Opp'n at 1. But *Khoja* is inapposite because Reynolds does not rely on the incorporation-by-reference doctrine as a basis for submitting these webpages. Instead, Reynolds seeks judicial notice of these webpages pursuant to Federal Rule of Evidence 201 because they are public records of the City of Auburn, the City of Mount Shasta, and the City of Riverbank. The availability of these web pages on those cities' websites provides an "independent basis to take judicial notice," whether or not they are referenced in Plaintiff's complaint. *Grivas v. Metagenetics, Inc.*, No. 15-1838, 2016 WL 11266835, at *2 (C.D. Cal. Mar. 31, 2016).

Finally, and despite Plaintiff's claim to the contrary, Reynolds does not request that the Court take judicial notice of the "truth" of any matters set forth on these websites. Instead, Reynolds requests that the Court take judicial notice of the *fact* that these websites refer to "blue bag" recycling programs in the City of Auburn, the City of Mount Shasta, and the City of Riverbank.[2] *See Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (White, J.) (noting that "websites and their *contents* may be judicially noticed" and that a court can take judicial notice of "the *fact* that the documents contain the referenced content") (emphasis added); *Young v. Law Offices of Herbert Davis*, No. 13-1108,

---

[2] Alternatively, the Court can simply take judicial notice of the *fact* that some municipalities in California have implemented "blue bag" recycling programs. Despite Plaintiff's attempt to minimize the number of municipalities that have implemented these programs, she does not — and cannot — dispute that at least some municipalities require the use of recycling bags. *See generally* Fed. R. Evid. 201(b) (permitting courts to take judicial notice of facts that are "not subject to reasonable dispute").

2014 WL 3418209, at *3 (N.D. Cal. July 11, 2014) (White, J.) (taking judicial notice of State Bar of California's website, which reflected a defendant's dates of admission and disbarment).

This request is not akin to *Coalition for a Sustainable Delta v. FEMA*, in which the plaintiffs relied on various public records for the truth of the matter stated therein (*i.e.*, to show that the implementation of the National Flood Insurance Program was likely to affect endangered species).[3] 812 F. Supp. 2d 1089, 1093 (E.D. Cal. 2010). Instead, it is an uncontroversial request to take judicial notice of the contents of government websites — which many courts (including this Court) have granted. *See, e.g.*, *Threshold Enters.*, 445 F. Supp. 3d at 145-46 (N.D. Cal. 2020) (taking judicial notice of information available from the website of the U.S. Patent & Trademark Office); *McGhee v. Tesoro Refining & Mktg. Co.*, 440 F. Supp. 3d 1062, 1066 n.1 (N.D. Cal. 2020) (White, J.) (taking judicial notice of "certain documents from the United States Department of Transportation, Federal Motor Carrier Safety Administration" that were "available on the FMCSA's website"); *Barrett*, 2021 WL 827235, at *5 (taking judicial notice of press releases published on the websites of the FTC and the FDIC). This Court should do the same here.

Exhibits 4 (Hefty Package). Exhibit 4 consists of a set of photographs of the Hefty recycling bags at issue in this case. Because Plaintiff references and depicts the product packaging in her complaint (*see* Compl. ¶¶ 3, 17-19), these images are subject to the "incorporation by reference" doctrine. *See Davis*, 691 F.3d at 1160. One of Reynolds's attorneys, Alexander M. Smith, submitted a declaration in which he noted that he purchased the product from Amazon.com and took photographs of the packaging with his iPhone. That is more than sufficient to "support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a); *see also John Paul Mitchell Sys. v. Quality King Distributors, Inc.*, 106 F. Supp. 2d 462, 472 (S.D.N.Y. 2000) (noting that Rule 901(a) "is flexible . . . about what serves to authenticate a document" and that "[d]irect testimony by a knowledgeable witness certainly satisfies the rule.")

---

[3] Plaintiff's other cited cases do not assist her either. *Dent v. Holder* stands only for the general rule that a court may take judicial notice of documents but not of the truth of facts set forth therein. 627 F.3d 365, 371-72 (9th Cir. 2010). *Dine Citizens Against Ruining Our Environment v. Bureau of Indian Affairs*, 932 F.3d 843 (9th Cir. 2019) and *Center for Environmental Law & Policy v. United States Bureau of Reclamation*, 655 F.3d 1000 (9th Cir. 2011) involved uncontested requests for judicial notice and do not remotely support the proposition that it is inappropriate to take judicial notice of government websites.

Plaintiff's cited cases are inapposite. In many of them, the party seeking judicial notice made no effort whatsoever to authenticate the product label or other document at issue.[4] Moreover, in contrast to *Brown v. Hain Celestial Group, Inc.*, 913 F. Supp. 2d 881 (N.D. Cal. 2012), there is no conceivable concern about "distortion," as Exhibit 4 consists of photographs of all six display panels of the rectangular box, without any additional editing. And while Plaintiff speculates that the packaging depicted in Exhibit 4 may differ from the packaging referenced in her complaint (*see* Opp'n at 4), she identifies no difference between the statements reflected on the packaging in Exhibit 4 and the statements challenged in her complaint — strongly suggesting that they are substantively identical to one another. *See, e.g.*, *Barrett*, 2021 WL 827235, at *5 (granting request for judicial notice of packaging where "Apple's Exhibit 1 presents language identical to that provided for in the [complaint], and Plaintiffs have raised no reasonable basis to believe that Exhibit 1 depicts anything other than the exact same gift cards Plaintiffs purchased").

Finally, Plaintiff relies on *Khoja* to argue that the packaging is not "incorporated by reference" because the complaint only refers to the packaging three times. *See* Opp'n at 5-6. This argument does not pass the straight face test. Plaintiff's complaint repeatedly references the labeling she challenges as misleading, which is more than sufficient to invoke the incorporation-by-reference doctrine. *See* Compl. ¶ 3 (quoting the packaging); *id.* ¶¶ 17-19 (depicting the packaging). And while Plaintiff faults Reynolds for relying on "pre-*Khoja* cases" (Opp'n at 6), *Khoja* did not hold — or even suggest — that it is improper to take judicial notice of product labels in a false advertising lawsuit.[5] To the contrary, many courts after

---

[4] *See Reed v. Gen. Mills, Inc.*, No. 19-0005, 2019 WL 2475706, at *2 (W.D. Wash. June 13, 2019); *Hall v. Diamond Foods, Inc.*, No. 14-2148, 2014 WL 5364122, at *3 (N.D. Cal. Oct. 21, 2014); *Woods v. Carey*, 577 F. App'x 673, 675 (9th Cir. 2014); *Fitzhenry-Russell v. Coca-Cola Co.*, No. 17-603, 2017 WL 4680073, at *1 (N.D. Cal. Oct. 18, 2017); *Morales v. Kraft Foods Grp., Inc.*, No. 14-4387, 2014 WL 12597034, at *6 (C.D. Cal. Oct. 23, 2014).

[5] Plaintiff's pervasive reliance on *Khoja* misses the mark. *Khoja* was a securities fraud lawsuit in which the defendants sought judicial notice of dozens of exhibits, which included a conference call transcript, multiple blog posts, and "market reports" issued by multiple investment banks. *See Khoja*, 899 F.3d at 999-1008. The breadth and nature of the exhibits at issue in *Khoja* is a far cry from this case, in which Reynolds seeks judicial notice of three government websites and the packaging of the product at issue.

*Khoja* have continued to take judicial notice of product labels referenced in the plaintiff's complaint.[6] This Court should take judicial notice of the product packaging depicted in Exhibit 4.

## CONCLUSION

For the foregoing reasons, this Court should take judicial notice of Exhibits 1-4 and consider those exhibits when ruling on Reynolds's motion to dismiss.

DATED: July 20, 2021                             JENNER & BLOCK LLP

By:     /s/   Kate T. Spelman
             Kate T. Spelman

Attorneys for Defendants
Reynolds Consumer Products Inc. and
Reynolds Consumer Products LLC

---

[6] *See, e.g.*, *Eidmann v. Walgreen Co.*, --- F. Supp. 3d ----, 2021 WL 764121, at *3 (N.D. Cal. Feb. 26, 2021) (taking judicial notice of product labels because the plaintiff made "numerous references to both product labels in the Amended Complaint" and holding that they are "central to [the plaintiff's] claims because it is the information conveyed on the . . . packaging that [the plaintiff] alleges was false or misleading"); *Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 15 (N.D. Cal. 2020) (taking judicial notice of product labels because "the packaging of defendant's product is publicly available and not subject to reasonable dispute"); *Yu v. Dr. Pepper Snapple Grp., Inc.*, No. 18-6664, 2019 WL 2515919, at *3 (N.D. Cal. June 18, 2019) (taking judicial notice of applesauce and apple juice labels challenged in complaint); *Clevenger v. Welch Foods, Inc.*, 501 F. Supp. 3d 875, 879 n.2 (C.D. Cal. 2020) (taking judicial notice of labeling of fruit snacks challenged in complaint).