# Exhibit B

# GUTRIDE SAFIER LLP <span style="font-size:small">Attorneys at Law</span>

May 10, 2021

**VIA CERTIFIED MAIL;
RETURN RECEIPT REQUESTED**

Reynolds Consumer Products Inc.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Reynolds Consumer Products LLC
c/o Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

    Re:    <u>**On-Going Violations of California Law**</u>

Dear Sirs and Madams:

    I write on behalf of my client, Lisabeth Hanscom, and a proposed class of similarly situated persons she will seek to represent, to advise you that Reynolds Consumer Products Inc. and Reynolds Consumer Products LLC, their parents, franchisees, operating entities, and subsidiaries (collectively, "Defendants") have violated, and continue to violate, California's Unfair Competition Law, Cal. Bus & Prof. Code § 17500 *et seq.*; the False Advertising Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; the Environmental Marketing Claims Act, Cal. Bus. & Prof. Code § 17580(a); 16 C.F.R. § 260 *et seq.* (the "Green Guides"); Cal Civ. Code §§ 1709-1710 (misrepresentation); and California common law in connection with the marketing, advertisement, and sale of Hefty Recycling Bags (the "Products" or "Bags"). I ask that Defendants remedy these violations and those described more fully in the Complaint served with this letter within thirty (30) days.

    Ms. Hanscom purchased Hefty Recycling Bags from the Safeway at 6310 College Ave. in Oakland, CA on or around September 15, 2020. Ms. Hanscom saw the claim "Recycling" bags on the Products' label and purchased them because she believed that they were suitable for disposing of recyclable waste and were themselves recyclable. Recycling is important to Ms. Hanscom and she makes an effort to recycle her waste at home whenever possible. She filled the Products with recyclable waste and placed the filled Bags in her recycling bin for curbside pickup, believing they would be recycled. Shortly after purchasing and using the Products, Ms. Hanscom learned that they are made from low-density polyethylene (LDPE, aka Plastic No. 4)

Reynolds Consumer Products
May 10, 2021
Page 2

film that is not recyclable and, as a result, the Bags contaminate the recyclable waste stream and decrease the recyclability of otherwise recyclable materials. If Ms. Hanscom had known the truth about the Products, she would not have purchased them or, at a minimum, she would have paid less for them and not used them for her recyclable waste.

Defendants compound their "Recycling" misrepresentation with additional claims on the Products and on their website such as "Perfect For All Your Recycling Needs;" "Designed to Handle All Types of Recyclables;" "designed to handle your heaviest recycling jobs;" and "these transparent bags make it easy to sort your recyclables and avoid the landfill." Defendants also use images of the Products being placed in recycling bins in their advertising that cause reasonable consumers to incorrectly believe that the Bags are suitable for recycling and are recyclable. Although some recycling facilities accept LDPE plastic, it cannot actually be recycled. Products made from LDPE plastic are typically separated and baled with mixed plastics. There is virtually no domestic market for mixed plastic and, over the last few years, the export market for mixed plastic bales has also completely disappeared. As a result, mixed plastics are either burned or sent to landfills.[1] Not only are LDPE plastics, such as the Products, unrecyclable, they also contaminate the waste stream and decrease the recyclability of otherwise recyclable items. Because the Products are made of LDPE film they are especially problematic. Plastic films frequently harm the machinery used to sort plastic waste. As a result, many municipal recycling facilities do not accept plastic bags at all. Indeed, if a consumer uses an LDPE bag to contain their recyclable waste, recycling facilities are typically forced to throw away the bag and the otherwise recyclable items that it contains.[2] Defendants' claims and omissions that the Products are "Recycling" bags have misled tens of thousands of consumers into paying a premium for a Product that is neither suitable for recycling nor recyclable.

Defendants' sale and marking of the Products as "Recycling" bags while omitting that the Products are unsuitable for disposing of recyclable plastic waste and are unrecyclable violates the following provisions of California Civil Code section 1770(a):

- misrepresenting the source, sponsorship, approval, or certification of goods or services;

- misrepresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which she or she

---

[1] *Circular Claims Fall Flat: Comprehensive U.S. Survey of Plastics Recyclability*, Greenpeace, p. 4, available at https://www.greenpeace.org/usa/wp-content/uploads/2020/02/Greenpeace-Report-Circular-Claims-Fall-Flat.pdf (last visited Apr. 23, 2021).

[2] Angela Hill, *Bay Area recycling tips: Can I recycle that or not?*, The Mercury News, https://www.mercurynews.com/2016/03/08/bay-area-recycling-tips-can-i-recycle-that-or-not/ (last visited May 6, 2021).

Reynolds Consumer Products
May 10, 2021
Page 3

       does not have;

- misrepresenting that the goods or services that it sells are of a particular standard, quality, or grade, or that goods are of a particular style or model, when they were not;

- disparaging the goods, services, or business of another by false or misleading representation of fact; and/or

- advertising goods or services with intent not to sell them as advertised.

Plaintiff demands that Defendants, within thirty (30) days, do each of the following:

- Identify (or make reasonable efforts to identify) all consumers similarly situated—i.e., all purchasers of the Products;

- Notify all consumers so identified that upon their request, Defendants will provide to them a full cash refund for the Product(s) they purchased;

- Give any such requested remedy to the consumers in a reasonable amount of time; and

- Immediately cease from engaging, or if immediate cessation is impossible or unreasonably expensive under the circumstances, then cease from engaging within a reasonable time, in the above-complained of methods, act, or practices or print a conspicuous disclaimer regarding the recyclability and/or unrecyclable plastic content of the Products on the label.

If Defendants fail to comply with this request within thirty (30) days, it may be liable for the following monetary amounts under the Consumers Legal Remedies Act:

- Actual damages suffered;

- Punitive damages;

- Costs and attorneys' fees related to suit; and

- Penalties of up to $5,000.00 for each incident where senior citizens have suffered substantial physical, emotional or economic damage resulting from Defendants' conduct.

    A failure to act within thirty (30) days will be considered to be a denial of this claim and my client will act accordingly. I hope, however, that Defendants correct these deficiencies immediately so that expensive litigation is not necessary.

Reynolds Consumer Products
May 10, 2021
Page 4

      Please call me at (415) 336-6545 to further discuss this matter. Otherwise, we look forward to Defendants immediately changing their practices and compensating the above-identified individuals.

                                      Sincerely yours,

                                      Seth A. Safier, Esq.

Enclosure
        Complaint
        Document preservation letter