**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar No. 269109)
kspelman@jenner.com
Alexander M. Smith (Cal. Bar No. 295187)
asmith@jenner.com
Madeline P. Skitzki (Cal. Bar No. 318233)
mskitzki@jenner.com
Effiong K. Dampha (Cal. Bar No. 323554)
edampha@jenner.com
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071-2054
Telephone:      (213) 239-5100
Facsimile:      (213) 239-5199

Attorneys for Defendants
Reynolds Consumer Products Inc.
and Reynolds Consumer Products LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISABETH HANSCOM, on behalf of herself and those similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>REYNOLDS CONSUMER PRODUCTS INC. and REYNOLDS CONSUMER PRODUCTS LLC,<br><br>                    Defendants. | Case No. 3:21-cv-03434-JSW<br><br>The Honorable Jeffrey S. White<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES**<br><br>Hearing Date:    January 21, 2022<br>Hearing Time:   9:00 a.m.<br>Courtroom:       5 (Oakland) |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on January 21, 2022 at 9:00 a.m., or as soon thereafter as the Court is available, in Courtroom 5 of the federal courthouse located at 1301 Clay Street, Oakland, CA 94612, Reynolds Consumer Products Inc. and Reynolds Consumer Products LLC (collectively "Reynolds") will, and hereby do, move to dismiss certain of Plaintiff Lisabeth Hanscom's claims in her First Amended Class Action Complaint.  Specifically:

1.      Reynolds moves to dismiss all of Plaintiff's claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) to the extent they are based on alleged omissions premised on a duty to disclose;

2.      Reynolds moves to dismiss all of Plaintiff's claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) to the extent they are based on language appearing on Reynolds's website;

3.      Reynolds moves to dismiss all of Plaintiff's claims, including her claims under the Unfair Competition Law ("UCL") and False Advertising Law ("FAL"), for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) to the extent they seek equitable restitution;

4.      Reynolds moves to dismiss all of Plaintiff's claims for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1) to the extent they seek injunctive relief.

Reynolds's Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, any additional briefing on this subject (including Reynolds's reply brief), and the evidence and arguments that will be presented to the Court at the hearing on this matter.

DATED:  November 5, 2021                    JENNER & BLOCK LLP

                                            By:      /s/ Kate T. Spelman
                                                     Kate T. Spelman

                                            Attorneys for Defendants
                                            Reynolds Consumer Products Inc. and
                                            Reynolds Consumer Products LLC

1

## TABLE OF CONTENTS

2    INTRODUCTION AND STATEMENT OF ISSUES ...............................................................................1

3    BACKGROUND ...............................................................................................................................2

4    ARGUMENT ....................................................................................................................................3

5        I.       Plaintiff Has Still Not Alleged a Fraud-by-Omission Claim Premised on a Duty to
6                Disclose.................................................................................................................................3

7        II.      Plaintiff Still Fails to Allege That She Saw Reynolds's Website....................................4

8        III.    Plaintiff Cannot Seek Restitution, As She Has Not Alleged an Inadequate Remedy
                 at Law...................................................................................................................................4

9        IV.   Plaintiff Lacks Standing To Seek Injunctive Relief. ........................................................7

10       V.    This Court Should Deny Plaintiff Leave to File a Second Amended Complaint. ...............8

11   CONCLUSION....................................................................................................................................9

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*,
   744 F.3d 595 (9th Cir. 2014) ..................................................................................................9

*Anthony v. Pharmavite*,
   No. 18-2636, 2019 WL 109446 (N.D. Cal. Jan. 4, 2019) .......................................................8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................8

*Bates v. United Parcel Serv., Inc.*,
   511 F.3d 974 (9th Cir. 2007) ..................................................................................................7

*Cetacean Cmty. v. Bush*,
   386 F.3d 1169 (9th Cir. 2004) ................................................................................................7

*Cristo v. SEC*,
   No. 19-1910, 2020 WL 4040340 (S.D. Cal. July 17, 2020) ...................................................7

*Gardiner v. Walmart Inc.*,
   No. 20-4618, 2021 WL 2520103 (N.D. Cal. Mar. 5, 2021) ...................................................6

*Huynh v. Quora, Inc.*,
   508 F. Supp. 3d 633 (N.D. Cal. 2020) ...................................................................................6

*Jackson v. Gen. Mills, Inc.*,
   No. 18-2634, 2019 WL 4599845 (S.D. Cal. Sept. 23, 2019) .................................................8

*Joslin v. Clif Bar & Co.*,
   No. 18-4941, 2019 WL 5690632 (N.D. Cal. Aug. 26, 2019) .................................................8

*Kasky v. Nike, Inc.*,
   27 Cal. 4th 939 (2002) ............................................................................................................8

*Ketayi v. Health Enrollment Grp.*,
   No. 20-1198, 2021 WL 2864481 (S.D. Cal. July 8, 2021) .....................................................7

*Miller v. Yokohama Tire Corp.*,
   358 F.3d 616 (9th Cir. 2004) ..................................................................................................9

*Nacarino v. Chobani, LLC*,
   No. 20-7437, 2021 WL 3487117 (N.D. Cal. Aug. 9, 2021) ...................................................6

*Nese v. Scenario Cokram USA, Inc.*,
   No. 21-814, 2021 WL 4497893 (C.D. Cal. July 20, 2021) .....................................................6

*In re Nexus 6P Prods. Liab. Litig.*,
    293 F. Supp. 3d 888 (N.D. Cal. 2018) ..................................................................8

*Rhynes v. Stryker Corp.*,
    No. 10-5619 SC, 2011 WL 2149095 (N.D. Cal. May 31, 2011) ..............................6

*Rodriguez v. Just Brands USA, Inc.*,
    No. 20-4829, 2021 WL 1985031 (C.D. Cal. May 18, 2021) ...................................6

*Shay v. Apple Inc.*,
    No. 20-1629, 2021 WL 1733385 (S.D. Cal. May 3, 2021) ....................................8

*Sholiay v. Fed Nat'l Mortg. Ass'n*,
    No. 13-958, 2013 WL 5569988 (E.D. Cal. Oct. 9, 2013) .......................................9

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ......................................................................1, 4, 7

*Summers v. Earth Island Inst.*,
    555 U.S. 488 (2009) ...............................................................................................7

*In re Tobacco II Cases*,
    46 Cal. 4th 298 (2009) ...........................................................................................5

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021) ...........................................................................................7

**Statutes**

Cal. Bus. & Prof. Code § 17200 *et seq.* ...........................................................................3

Cal. Bus. & Prof. Code §§ 17500 *et seq.* .........................................................................3

Cal. Bus. & Prof Code §§ 17580 *et seq.* ..........................................................................3

Cal. Civ. Code §§ 1750 *et seq.* ........................................................................................3

**Court Rules**

Fed. R. Civ. P. 12 ............................................................................................................7

## **INTRODUCTION AND STATEMENT OF ISSUES**

In its initial Order granting in part and denying in part Reynolds's motion to dismiss, this Court dismissed Plaintiff's challenges to Reynolds's website, which she did not visit or rely on before she purchased Hefty recycling bags. *See* ECF No. 41 ("Order") at 11–12. The Court also held that Plaintiff had not plausibly alleged a fraud-by-omission claim premised on a duty to disclose, as she had not alleged a defect that relates to the central function of Hefty recycling bags. *See id.* at 11. And the Court concluded that Plaintiff is not entitled to seek equitable restitution because she had not plausibly alleged an adequate remedy at law. *See id.* at 18-19. Plaintiff's First Amended Class Action Complaint ("FAC") cures none of the defects the Court identified in its previous Order, and this Court should dismiss those claims with prejudice and without further leave to amend.

At the outset, Plaintiff's FAC includes no allegations that she visited Reynolds's website before purchasing Hefty recycling bags from a store. As the Court correctly concluded, the absence of any such allegation precludes Plaintiff from challenging any representations set forth on that website. Similarly, while the Court permitted Plaintiff to proceed on the theory that certain affirmative representations on the packaging of Hefty recycling bags were misleading, it concluded that Plaintiff had not plausibly alleged that the bags' purported lack of recyclability constituted a defect that affected their central function, as is necessary to establish a fraud-by-omission claim premised on a duty to disclose. Plaintiff has made no attempt to cure either defect, so this Court should dismiss those claims with prejudice.

Nor do Plaintiff's new allegations establish that she lacks an adequate damages remedy, as is required to seek equitable restitution under California law. As the Ninth Circuit and this Court both made clear, Plaintiff cannot seek restitution under California's consumer protection statutes—including the False Advertising Law ("FAL") and the Unfair Competition Law ("UCL")—without establishing that she lacks an adequate legal remedy. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020); Order at 18-19. Plaintiff attempts to satisfy this burden by alleging that the elements of her UCL and FAL claims are different from her common-law claims and her claim under the Consumers Legal Remedies Act ("CLRA"). But as this Court made clear in its earlier Order, it is not sufficient that Plaintiff asserts different causes of action with different elements, as "Plaintiff's claims are rooted in the same theory and factual allegations that Reynolds misrepresents the recyclability of the bags." Order at 18. Because her claims

for equitable restitution are based on the same factual allegations and legal theory as her claims seeking money damages and would entitle her to the same relief, Plaintiff has not pleaded that she lacks an adequate remedy at law, and this Court should dismiss her claims for restitution with prejudice.

Finally, Plaintiff lacks standing to seek injunctive relief.  Given her express allegation in both complaints that plastic bags should not be used in the recycling process, Plaintiff cannot plausibly allege that she intends to buy Hefty recycling bags in the future—whether or not the labeling changes.  And because Plaintiff has not established an entitlement to either restitution or injunctive relief, the only two remedies available under the UCL and the FAL, this Court should dismiss those claims in their entirety.

Because the FAC fails to cure the deficiencies the Court identified in its earlier Order and demonstrates that Plaintiff cannot plausibly establish standing to seek injunctive relief, this Court should dismiss with prejudice: (1) Plaintiff's fraud-by-omission claims, to the extent those claims are premised on a duty to disclose; (2) any claims premised on alleged misrepresentations on Reynolds's website; and (3) any claims for restitution or injunctive relief, including Plaintiff's UCL and FAL claims in their entirety.

## BACKGROUND

To comply with the requirements of municipal recycling programs across the country, Reynolds manufactures recycling bags, which come in transparent blue and clear colors.  *See* FAC ¶ 16.  The front packaging of Reynolds's Hefty recycling bags includes the Hefty logo, as well as the term "Recycling." *See id.* ¶ 17.  The side of the package states that the recycling bags are "perfect for all your recycling needs," that they are "designed to handle all types of recyclables," and that they are "transparent for quick sorting and curbside identification."  *See id.* ¶¶ 18-19 (capitalization omitted).  And the box also states that the bags were "developed for use in municipal recycling programs where applicable."  *Id.* ¶¶ 18, 34 (capitalization omitted).  While the label states that Hefty recycling bags are "designed to handle all types of recyclables," it does not use the term "recyclable" to describe the product itself.  To the contrary, the only "recyclability" claim on the package is specifically limited to the paper box in which the bags are packaged.  *See id.* ¶ 18.

Plaintiff nonetheless claims that the labeling of Hefty recycling bags is misleading and unlawful.  In general, she alleges that the labeling affirmatively misleads consumers into believing that Hefty recycling bags are "recyclable" and "suitable for disposing of recyclable waste."  *Id.* ¶ 3.  And she similarly

alleges that Reynolds deceptively fails to disclose that the recycling bags are not in fact "recyclable" and "suitable for disposing of recyclable waste." *Id.* ¶ 73. Like her initial complaint, Plaintiff's FAC asserts claims for: (1) violations of the CLRA, Cal. Civ. Code §§ 1750 *et seq.*; (2) violations of the FAL, Cal. Bus. & Prof. Code §§ 17500 *et seq.*; (3) "fraud, deceit, and/or misrepresentation"; (4) negligent misrepresentation; and (5) violations of the UCL, Cal. Bus. & Prof. Code § 17200, *et seq.*[1]

On June 29, 2021, Reynolds moved to dismiss Plaintiff's original complaint on various grounds. ECF No. 18. On October 1, 2021, the Court granted in part and denied in part Reynolds's motion. ECF No. 41. The Court granted the motion with leave to amend as to (1) Plaintiff's fraud-by-omission claims based on a duty to disclose, (2) Plaintiff's claims to the extent they were based on representations on Reynolds's website, and (3) Plaintiff's FAL and UCL claims to the extent they seek restitution.

Plaintiff filed her FAC on October 22, 2021. Plaintiff's FAC is virtually identical to her original complaint. The only changes relevant to this motion are the allegations Plaintiff added to clarify that the substantive legal elements may differ among her claims in an attempt to establish that she lacks an adequate remedy at law. *See* FAC ¶¶ 69, 99, 100. She did not add any allegations relating to her fraud-by-omission claims or her claims based on Reynolds's website.

## ARGUMENT

### I. Plaintiff Has Still Not Alleged a Fraud-by-Omission Claim Premised on a Duty to Disclose.

"Under California law, a fraud-by-omission claim requires that 'the omission must be contrary to a representation actually made by the defendant, or an omission of a fact that the defendant was obliged to disclose.'" Order at 9 (quoting *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 835 (2006)). "[A] duty to disclose arises only when . . . the omission relates to a fact that is central to the product's function." Order at 10 (quoting *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 853 (9th Cir. 2018)).

In its earlier Order, this Court concluded that Plaintiff had not plausibly alleged a fraud-by-omission claim premised on a duty to disclose. In reaching this conclusion, the Court found that "the recyclability of the bags is not a physical defect that affects the product's functionality." Order at 11. "[E]ven if not themselves recyclable," the Court explained, "the bags are still capable of being used by some consumers

---

[1] Plaintiff no longer asserts a claim for "greenwashing" under the Environmental Marketing Claims Act, Cal. Bus. & Prof Code §§ 17580 *et seq.*

1  to dispose of waste." *Id.*  Thus, the Court concluded that "the non-recyclability of the bags lacks a

2  connection to the bag's function as a bag." *Id.*

3      Here, Plaintiff's FAC includes no new allegations establishing that the recycling bags' alleged lack

4  of recyclability constitutes a physical defect that prevents them from holding and disposing of waste.

5  Absent any such allegation, Plaintiff still "fails to establish a defect going to the central function of the

6  product, and Plaintiff's omission theory based on a duty to disclose fails." *Id.*  Because Plaintiff has not

7  alleged—and cannot allege—that the bags' purported lack of recyclability constitutes a physical defect that

8  implicates the products' central function, this Court should dismiss Plaintiff's fraud-by-omission claims

9  premised on a duty to disclose with prejudice.

10 **II.    Plaintiff Still Fails to Allege That She Saw Reynolds's Website.**

11      The Court granted Reynolds's motion to dismiss Plaintiff's claims to the extent they were based on

12 representations on Reynolds's website, as Plaintiff did not allege that she saw the website before

13 purchasing Hefty recycling bags.  *See* Order at 11–12.  In so holding, the Court reasoned that

14 representations on the website that Plaintiff did not view were "not relevant to the reasonable consumer

15 analysis." *Id.* at 11.  Here, as in her initial complaint, Plaintiff does not allege that she viewed Reynolds's

16 website; instead, she alleges only that she "read the claim 'Recycling' bags on the Products and purchased

17 them because she believed that the bags were suitable for disposing of her recyclables and that the bags

18 themselves were recyclable."  FAC ¶ 40.  Absent any allegation that she saw (let alone relied on)

19 Reynolds's website, this Court should dismiss with prejudice all of Plaintiff's claims to the extent they are

20 premised on representations that appear on that website.

21 **III.   Plaintiff Cannot Seek Restitution, As She Has Not Alleged an Inadequate Remedy at Law.**

22      Under *Sonner*, a plaintiff cannot seek equitable relief under California's consumer fraud statutes

23 without establishing that she lacks an adequate remedy at law.  971 F.3d at 844.  In its earlier Order, with

24 respect to Plaintiff's request for restitution, the Court found that Plaintiff failed to allege that she lacks an

25 adequate remedy at law and had not articulated a reason that the money damages available under her other

26 causes of action—which are premised on the same factual allegations and legal theory—would fail to make

27 her whole.  *See* Order at 18-19.

28

MOTION TO DISMISS PORTIONS OF FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-cv-03434-JSW

In an effort to plead around this ruling, Plaintiff asserts that her legal remedies under the CLRA and California's common law are inadequate because the elements of those claims differ from her claims under the UCL and FAL, under which she seeks restitution.  In particular, Plaintiff's FAC includes three new sets of allegations: (1) that she lacks an adequate remedy at law because she may not be able to establish reliance, materiality, or scienter, which she contends are elements of her common-law claims and her CLRA claim but not her claim under the UCL or FAL (FAC ¶¶ 69, 100)[2]; (2) that she lacks an adequate legal remedy in connection with her claim under the UCL's "unfair" prong because "there is no cause of action at law for 'unfair' conduct" (id. ¶ 99); and (3) that she lacks an adequate legal remedy in connection with her claim under the UCL's "unlawful" prong, as the FTC's Green Guides and the Environmental Marketing Claims Act —which serve as the predicates for her "unlawful" claim—do not provide a private right of action (id. ¶ 99).

This Court has already considered and rejected Plaintiff's argument that she is entitled to restitution because she asserts "alternative competing theories that advance different theories of relief."  Order at 18. In its opposition to Reynolds's initial motion to dismiss, Plaintiff asserted that she was entitled to restitution because, among other things, "[r]elief for 'unlawful' conduct . . . is not available under any of [her] damages claims."  ECF No. 22 at 15.  The Court found Plaintiff's argument "unpersuasive," given that "Plaintiff's claims are rooted in the same theory and factual allegations that Reynolds misrepresents the recyclability of the bags."  Order at 18.  That conclusion applies with equal force here.

Although Plaintiff asserts different causes of action, those claims are all premised on the same factual allegations and legal theory—i.e., that Reynolds allegedly represents that Hefty recycling bags are recyclable, even though they are not.[3]  Even if Plaintiff's new allegations establish that her causes of action under the UCL and FAL require different elements from her other claims, that distinction does not establish

---

[2] To be clear, Reynolds does not concede that the UCL or FAL permit liability without proof of reliance or materiality.  To the contrary, California law makes clear that a claim under the UCL requires proof that the "misrepresentation was an immediate cause of the injury-producing conduct" and that a plaintiff must establish either individualized reliance or materiality (which gives rise to a presumption of class-wide reliance) to prevail on such a claim.  In re Tobacco II Cases, 46 Cal. 4th 298, 326 (2009).

[3] Plaintiff's UCL claim premised on a violation of the FTC Green Guides and the Environmental Claims Marketing Act is based on the same factual and legal allegations as the other claims, as the reasonable consumer standard applies "[b]ecause the predicate violation includes a requirement that the public be likely to experience deception."  Order at 14.

MOTION TO DISMISS PORTIONS OF FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. 3:21-cv-03434-JSW

that she lacks an adequate remedy at law.  *See, e.g.*, *Rodriguez v. Just Brands USA, Inc.*, No. 20-4829, 2021 WL 1985031, at *8 (C.D. Cal. May 18, 2021) ("Because Plaintiffs' CLRA, UCL, and FAL claims are all based on the same factual predicates (namely, the underfilling of CBD content), Plaintiff cannot maintain claims for restitution under the UCL and FAL."); *Nacarino v. Chobani, LLC*, No. 20-7437, 2021 WL 3487117, at *12 (N.D. Cal. Aug. 9, 2021) (finding that the plaintiff could not seek restitution when his equitable claims and legal claims were both "rooted in the same allegations that labeling the Product 'vanilla' is misleading to consumers and a violation of the FDA regulations") (citation and emphasis omitted).  This Court should accordingly dismiss her claims for equitable restitution.

Similarly, this Court has previously rejected Plaintiff's assertion that a plaintiff can establish an inadequate legal remedy by pleading that she will lack an adequate remedy at law if she does not prevail on her claims for money damages.  *See Gardiner v. Walmart Inc.*, No. 20-4618, 2021 WL 2520103, at *7 (N.D. Cal. Mar. 5, 2021).  As numerous courts have concluded, "[w]here the claims pleaded by a plaintiff *may* entitle her to an adequate remedy at law, equitable relief is unavailable."  *Rhynes v. Stryker Corp.*, No. 10-5619 SC, 2011 WL 2149095, at *4 (N.D. Cal. May 31, 2011); *see also Huynh v. Quora, Inc.*, 508 F. Supp. 3d 633, 662 (N.D. Cal. 2020) (similar).  Plaintiff has not alleged, and cannot plausibly allege, that her claims for legal damages—which are based on the same factual allegations and theory of deception as her UCL and FAL claims—would not afford an adequate remedy at law if she were to prevail.  In other words, her potential "inability to obtain damages" would result from a "failure on the merits," not an "inherent limitation of the legal remedy that renders it inadequate."  *Nacarino*, 2021 WL 3487117, at *12.

In short, Plaintiff does not (and cannot) allege that the restitution available under the UCL and FAL would "provide any additional benefits to the identical legal remedies she seeks under" the CLRA and California common law.  *Nese v. Scenario Cokram USA, Inc.*, No. 21-814, 2021 WL 4497893, at *3 (C.D. Cal. July 20, 2021).  Accordingly, this Court should dismiss Plaintiff's claims (including her FAL and UCL claims) to the extent they seek restitution, as Plaintiff has still not established that she lacks an adequate remedy at law.

///

///

///

## IV.     Plaintiff Lacks Standing To Seek Injunctive Relief.

In its previous Order, this Court concluded that *Sonner* did not bar Plaintiff from seeking prospective injunctive relief.  *See* Order at 19.  Nonetheless, Plaintiff's request for injunctive relief fails for a more fundamental reason: she lacks standing to seek an injunction.[4]

Article III requires Plaintiff to "demonstrate standing for each claim that [she] press[es] and for each form of relief that [she] seek[s] (for example, injunctive relief and damages)."  *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021).  To have standing to seek injunctive relief, a "plaintiff must demonstrate that he has suffered or is threatened with a 'concrete and particularized' legal harm, coupled with 'a sufficient likelihood that he will again be wronged in a similar way.'"  *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) and *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).  The threat of injury "must be actual and imminent, not conjectural or hypothetical."  *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

"Although 'a previously deceived consumer may have standing to seek an injunction,' even if the consumer now knows of the fraudulent practices, the consumer still must allege an actual threat of future harm."  *Ketayi v. Health Enrollment Grp.*, No. 20-1198, 2021 WL 2864481, at *8 (S.D. Cal. July 8, 2021) (quoting *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969–71 (9th Cir. 2018)).  Thus, Plaintiff must "indicate some sort of intent to be in the market for the challenged products in the future, in order for [her] claim of injury resulting from future misrepresentations to be actual or imminent."  *Id.* at *8.

Here, Plaintiff cannot plausibly allege a threat of future harm because she cannot plausibly establish that she remains in the market for Hefty recycling bags.  In her FAC, Plaintiff emphatically alleges that recycling bags should play no role in the recycling process, that "recyclables . . . should be placed directly in a collection bin *without the use of a plastic bag or liner*," and that recycling bags "are not beneficial to either the collection or transport processes, which are designed to work *without such bags*."  FAC ¶ 29

---

[4] "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit."  *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).  Because this argument concerns the Court's subject matter jurisdiction, Rule 12(b)(1) permits Reynolds to raise it now even though Reynolds did not raise it in its previous motion to dismiss.  *See* Fed. R. Civ. P. 12(g)(2), 12(h)(3); *Cristo v. SEC*, No. 19-1910, 2020 WL 4040340, at *4 (S.D. Cal. July 17, 2020) ("[A] motion to dismiss for lack of subject matter jurisdiction is not limited by Rule 12(g)(2) and may be raised at any stage of the proceedings.").

(emphasis added).  In light of those allegations, it is highly implausible—and defies common sense—that Plaintiff "continues to desire to purchase from Defendants trash bags that are suitable for recycling and are recyclable."  *Id.* ¶ 41; *see generally Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (noting that a court ruling on a motion to dismiss must "draw on its judicial experience and common sense").

Under similar circumstances, many courts have concluded that a plaintiff could not seek injunctive relief because her allegations established that she was unlikely to purchase the product again, regardless of whether its labeling changed.  *See, e.g.*, *Anthony v. Pharmavite*, No. 18-2636, 2019 WL 109446, at *6 (N.D. Cal. Jan. 4, 2019) (finding that the plaintiffs lacked standing to seek injunctive relief where "[t]he import of Plaintiffs' allegations" was that the defendant "could do nothing to alter its advertising or product to make biotin supplements beneficial to Plaintiffs"); *Jackson v. Gen. Mills, Inc.*, No. 18-2634, 2019 WL 4599845, at *5 (S.D. Cal. Sept. 23, 2019) (finding that plaintiff lacked standing to seek injunctive relief and reasoning that "[i]f she is dissatisfied enough with the cereal that she has stopped buying it, there is no reason to suppose that changed product labeling to tell her what she already knows about the amount of cereal in the box would change that"); *cf. Joslin v. Clif Bar & Co.*, No. 18-4941, 2019 WL 5690632, at *4 (N.D. Cal. Aug. 26, 2019) (White, J.) ("If Plaintiffs do not want products that do not contain real white chocolate, the Court is hard pressed to see how Plaintiffs would be able to allege the requisite future harm.").  Here too, because Plaintiff has not alleged and cannot plausibly allege that she is likely to purchase Hefty recycling bags in the future, Plaintiff lacks standing to seek injunctive relief.[5]

## V.      This Court Should Deny Plaintiff Leave to File a Second Amended Complaint.

This Court's Order identified what Plaintiff must allege to state claims based on omissions, to challenge representations on Reynolds's website, and to seek restitution.  Plaintiff failed to plead any of the requisite facts in her FAC.  Absent any indication that Plaintiff will be able to remedy these deficiencies

---

[5] Under California law, "[t]he only forms of relief that a private individual may pursue under the UCL and FAL are the equitable remedies of restitution and injunctive relief."  *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 951 (N.D. Cal. 2018) (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003)); *accord Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950 (2002) ("[A] private plaintiff's remedies are generally limited to injunctive relief and restitution.") (citation and internal quotation marks omitted).  Because Plaintiff cannot establish that she is entitled to restitution or that she has standing to seek injunctive relief, this Court should dismiss her UCL and FAL claims in their entirety.  *See, e.g.*, *Shay v. Apple Inc.*, No. 20-1629, 2021 WL 1733385, at *5 (S.D. Cal. May 3, 2021) (dismissing UCL claim in its entirety where the plaintiff was unable to allege an entitlement to restitution or injunctive relief).

if given leave to amend again, this Court should dismiss these claims with prejudice and without leave to amend. *See, e.g.*, *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (noting that a district court has "particularly broad" discretion to deny leave to amend when a plaintiff has already amended his complaint) (citation omitted); *Sholiay v. Fed Nat'l Mortg. Ass'n*, No. 13-958, 2013 WL 5569988, at *7 (E.D. Cal. Oct. 9, 2013) ("Because the court has already permitted plaintiffs to amend their pleadings and it appears that plaintiffs are unable to state a viable claim against defendants, all claims will be dismissed with prejudice and without leave to amend.").

Similarly, Plaintiff cannot plausibly allege an entitlement to injunctive relief, as she has alleged in both of her pleadings that plastic bags should play no role in the recycling process. *See* Compl. ¶ 29; FAC ¶ 29. Even if she were inclined to withdraw this assertion from an amended pleading, Plaintiff "cannot amend pleadings to 'directly contradic[t] an earlier assertion made in the same proceeding.'" *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)). Because Plaintiff's allegations foreclose her from plausibly alleging that she is likely to purchase Hefty recycling bags in the future, this Court should dismiss her claims for injunctive relief without further leave to amend.

## CONCLUSION

Reynolds respectfully requests that the Court dismiss with prejudice and without leave to amend: (1) any fraud-by-omission claims based on a duty to disclose; (2) any claims to the extent they are based on representations on Reynolds's website; and (3) Plaintiff's claims for restitution and injunctive relief. Because Plaintiff cannot establish an entitlement to either restitution or injunctive relief, this Court should dismiss Plaintiff's claims under the UCL and FAL in their entirety without leave to amend.

DATED:  November 5, 2021

JENNER & BLOCK LLP

By:  _____
/s/ Kate T. Spelman
Kate T. Spelman

Attorneys for Defendants
Reynolds Consumer Products Inc. and
Reynolds Consumer Products LLC