UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISABETH HANSCOM,<br><br>    Plaintiff,<br><br>v.<br><br>REYNOLDS CONSUMER PRODUCTS LLC, et al.,<br><br>    Defendants. | Case No. 21-cv-03434-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 43 |

Now before the Court for consideration is the motion to dismiss portions of the First Amended Complaint ("FAC") filed by Defendants Reynolds Consumer Products Inc. and Reynolds Consumer Products LLC (collectively, "Reynolds" or "Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS Reynolds' motion to dismiss.

**BACKGROUND**

The substantive facts of this case are fully addressed in this Court's Order granting, in part, and denying, in part, Reynolds' motion to dismiss the original complaint by filed by Plaintiff Lisabeth Hanscom ("Plaintiff"). (Dkt. No. 41 ("10/1/21 Order").)

In its prior Order, the Court dismissed Plaintiff's fraud-by-omission theory based on a duty to disclose and dismissed Plaintiff's claims to the extent they were premised on statements on Reynolds' website. The Court also dismissed Plaintiff's claims for equitable restitution because Plaintiff failed to allege that she lacked an adequate remedy at law. The Court ordered Plaintiff to file any amended complaint within twenty-one days. Plaintiff timely filed the FAC on October 22, 2021. (Dkt. No. 42.)

On November 5, 2021, Reynolds filed the instant motion to dismiss. (Dkt. No. 43.) Reynolds again moves to dismiss (1) Plaintiff's fraud-by-omission claims to the extent they are based on a duty to disclose; (2) Plaintiff's claims to the extent they are based on alleged misrepresentations on Reynolds' website; and (3) Plaintiff's claims for equitable restitution. Reynolds also moves to dismiss on the basis that Plaintiff lacks Article III standing to seek injunctive relief.

The Court will address additional facts as necessary in the analysis below.

## ANALYSIS

### A. Applicable Legal Standards.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff cannot merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

If the allegations are insufficient to state a claim, a court should grant leave to amend unless amendment would be futile. *See, e.g.*, *Reddy*, 912 F.3d at 296; *Cook, Perkiss & Liehe, Inc.*, 911 F.2d at 246-47.

### B. Plaintiff's Claims for Restitution Fail.

Reynolds once again moves to dismiss Plaintiff's claims for equitable restitution on the basis that Plaintiff fails to allege that she lacks an adequate remedy at law under *Sonner v. Premier*

*Nutrition Corp*, 971 F.3d 834 (9th Cir. 2020). The Court previously found that Plaintiff failed to allege that she lacked an adequate remedy at law with regard to her request for restitution. When it dismissed these claims from the original complaint, the Court afforded Plaintiff leave to amend because it was possible Plaintiff could allege that money damages would be inadequate to what restitution could provide.

In the FAC, Plaintiff now alleges she lacks an adequate remedy at law with regard to her unfair and unlawful claims because (1) "there is no cause of action at law for 'unfair' conduct," and (2) the FTC Green Guides and Environmental Marketing Claims Act, on which she premises her unlawful claim, "do not provide a direct cause of action and must be alleged as predicate acts under the UCL to obtain relief." (FAC ¶ 99.) Plaintiff argues that these allegations establish that she has no remedy at law for her unlawful and unfair UCL claims because her unfair and unlawful claims are based on a different legal theory than her claims based on her theory of consumer deception.

In support of her argument, Plaintiff again points to *Elgindy v. AGA Serv. Co.*, which the Court found distinguishable in its prior Order. (*See* 10/1/21 Order at 18 n.6.) In *Elgindy*, the plaintiffs purchased insurance policies for events or for travel and alleged the defendants bundled "a non-optional assistance services fee with the sale of these insurance policies," without "fully disclosing the inclusion of that fee[.]" No. 20-cv-06304-JST, 2021 WL 1176535, at *1 (N.D. Cal. Mar. 29, 2021). In support of their claims, which included claims under the UCL and for common law fraud, the plaintiffs advanced two theories: (1) that the challenged service fee was an unlawful "agent" fee or insurance premium upcharge; and (2) that the defendants acted fraudulently by concealing the fact that the service fees were included in the insurance policy's total price. *Id.* at *4. The court permitted the plaintiff to pursue equitable relief under the first theory because only equitable claims were available on that theory. *Id*. at *15.

Plaintiff argues that here, as in *Elgindy*, her unfair and unlawful claims are based on an alternative theory—in this case, Reynolds' failure to possess substantiation of its "Recycling" claim—for which legal remedies are not available, thus entitling her to seek restitution. The Court finds Plaintiff's argument unconvincing. Individuals may not bring suit under the UCL or the

3

1   CLRA alleging only that advertising claims lack substantiation. *Kwan v. SanMedica Int'l, LLC*,
2   No. 14-cv-03287-MEJ, 2014 WL 5494681, at *2 (N.D. Cal. Oct. 30, 2014) (citing *Stanley v.*
3   *Bayer Healthcare LLC*, 11-cv-862-IEG-BLM, 2012 WL 1132920, at *3 (S.D. Cal. Apr. 3, 2012)).
4   Accordingly, Plaintiff is unable to pursue or obtain relief for a substantiation claim under
5   California law. However, Plaintiff's inability to obtain relief for her substantiation claims does
6   not establish that she lacks an adequate remedy at law and is therefore entitled to seek equitable
7   restitution for these claims. Indeed, Plaintiff is unable to obtain *any* remedy—legal or equitable—
8   for her purported substantiation claims because such claims are barred in California. Thus, this
9   case is distinguishable from *Elgindy*, where equitable but not legal remedies were available for the
10  plaintiffs' unlawful claims.

11  Furthermore, the allegations in the FAC do not alter the Court's previous conclusion that
12  Plaintiff's unlawful and unfair claims are rooted in the same legal theory and factual allegations as
13  her consumer deception claims. The gravamen of Plaintiff's complaint is that the "Recycling"
14  claim is false and misleading, not that it is unsubstantiated. The Court's previous conclusion
15  remains true: Plaintiff's legal and equitable claims are all rooted in the same allegations that
16  Reynolds' labeling of its bags as "Recycling" bags was false and misleading to consumers.
17  Accordingly, Plaintiff again fails to demonstrate that she lacks an adequate remedy at law with
18  regard to her unfair and unlawful claims.

19  Plaintiff also now alleges that she will lack an adequate remedy at law with respect to her
20  claim under the fraudulent prong of the UCL and her FAL claim if she is not able to prove certain
21  elements of her CLRA and common law claims. She alleges "hypothetically and in the
22  alternative" that she will be unable to obtain monetary, declaratory, and/or injunctive relief" for
23  her CLRA and common law claims and "will lack an adequate remedy at law if the Court requires
24  her to show classwide reliance and materiality beyond the objective reasonable consumer
25  standard" applied under the FAL and UCL. (FAC ¶¶ 69, 100.) She further alleges she may be
26  unable to obtain legal remedies and therefore will lack an adequate remedy at law if she is unable
27  to demonstrate the requisite *mens rea* for her common law claims because the FAL and UCL
28  impose no such requirement. (*Id*.)

4

Plaintiff contends these allegations establish an inadequate remedy at law because she is entitled to plead equitable theories in the alternative to her legal remedies under Fed. R. Civ. P. 8(d)(2). Plaintiff previously asserted this argument. The Court concludes, as it has before, that nothing in *Sonner* suggests that the Court should ignore the allegations in the FAC in favor of Rule 8's general principles. 10/1/21 Order at 18; *see also Axelrod v. Lenovo (United States) Inc.*, No. 21-cv-06770-JSW, Dkt. No. 18 (N.D. Cal. January 4, 2022). To be sure, the Court does not interpret *Sonner* to preclude pleading in the alternative. However, to satisfy *Sonner*, Plaintiff must plead facts establishing that the legal remedies under the CLRA and for her common law claims are "inadequate or incomplete." 971 F.3d at 844. Plaintiff has not done so here. Plaintiff seeks the same amount—the price premium or full refund price—in damages and in restitution, and the FAC still lacks allegations showing, for example, how restitution would go beyond the damages available her. Plaintiff alleges that she may be unable to obtain damages for her CLRA and common law claims if she is unable to prove certain elements of those claims, but these allegations do not establish that the damages she seeks are necessarily inadequate or incomplete. That is, Plaintiff's "inability to obtain damages here results from her CLRA [and common law] claims' failure on the merits; she has not demonstrated that there is an inherent limitation of the legal remedy that renders it inadequate." *Nacarino v. Chobani, LLC*, No. 20-cv-07437-EMC, 2021 WL 3487117, at *12 (N.D. Cal. Aug. 9, 2021). Accordingly, Plaintiff fails to satisfy *Sonner*'s requirement that she plead she lacks an adequate legal remedy with respect to her claims for restitution.

For these reasons, the Court GRANTS Defendants' motion to dismiss Plaintiff's claims for equitable relief to the extent they seek restitution. Because Plaintiff was given an opportunity to correct this defect and failed to do so, the Court concludes it would be futile at this juncture to grant Plaintiff the opportunity to amend this aspect of her claims. However, the dismissal is without prejudice so that should Plaintiff find facts, during discovery, showing that a legal remedy would be inadequate, she may seek leave to amend.

**C.    Plaintiff Lacks Article III Standing to Seek Injunctive Relief.**

Reynolds also argues that Plaintiff lacks standing to seek injunctive relief. The Court

previously found that *Sonner* did not bar Plaintiff from seeking prospective injunctive relief. Reynolds now argues that Plaintiff's claims for injunctive relief fail because she lacks standing to seek an injunction.[1]

To show she has standing to seek injunctive relief, Plaintiff must "demonstrate that [she] has suffered or is threatened with a 'concrete and particularized' legal harm, coupled with a 'sufficient likelihood that [she] will again be wronged in a similar way.'" *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) and *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). The latter inquiry turns on whether the plaintiff has a "real and immediate threat of repeated injury." *Id.* The threat of future injury cannot be "conjectural or hypothetical" but must be "certainly impending" to constitute an injury in fact for injunctive relief purposes. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018).

The *Davidson* court provided two non-exclusive examples of how a previously deceived plaintiff could allege standing to seek injunctive relief. In the first instance, a plaintiff may plausibly allege they would want to purchase the product, but that they are unable to rely on the labels and so will refrain from purchasing a product they want. *Id.* at 970-71. In the second example, a plaintiff might plausibly allege that they would purchase a product in the future, despite the fact it was once marred by false advertising or labeling, as they may reasonably, but incorrectly, assume the product was improved." *Id.* at 971. In either example, in addition to alleging facts that demonstrate they are unable to rely on the advertising or labeling, a plaintiff must allege they would want to or intend to purchase the product in the future.

In *Davidson*, the plaintiff purchased wipes labeled as "flushable" because she believed they were suitable of disposal down the toilet and they "would be better for the environment, and more sanitary, than non-flushable wipes." 889 F.3d at 961. The plaintiff alleged, however, that contrary to the label statement, the wipes were not "flushable" as advertised and caused clogs in

---

[1] Reynolds did not raise this argument in its initial motion to dismiss. However, Reynolds is not foreclosed from raising it now on a second motion to dismiss because the argument concerns the Court's subject matter jurisdiction, which can be raised at any stage of the proceedings. *See* Fed. R. Civ. P. 12(g)(2), 12 (h)(3).

municipal waste systems and sewers. *Id*. at 962. The plaintiff alleged that she still wished to purchase wipes that were suitable for disposal in a household toilet but had no way of determining the truth of the "flushable" representation. *Id*. at 971. The Ninth Circuit found these allegations were sufficient to establish that the plaintiff faced an imminent or actual threat of future harm. *Id*. In reaching this conclusion, the Ninth Circuit pointed to allegations in the complaint establishing that the plaintiff's continued desire to purchase truly flushable wipes was based on her belief that "it would be easier and more sanitary to flush the wipes than to dispose of them in garbage." *Id*. The court explained that the "FAC is 'devoid of any grounds to discount [Davidson's] stated intent to purchase [the wipes] in the future.'" *Id*. (quoting *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 533 (N.D. Cal. 2012)).

Plaintiff contends that she has sufficiently alleged her desire to purchase Hefty recycling bags in the future under *Davidson*. Plaintiff alleges that she would like to continue to purchase recycling bags from Defendants but will be deterred from doing so because she has no way of determining if the "Recycling" label on the bags is truthful. (*See* FAC ¶ 41.) Reynolds argues, however, that Plaintiff's alleged ongoing desire to purchase its recycling bags is implausible because elsewhere in the FAC Plaintiff alleges that "recyclables should be clean and dry and should be placed in a collection bin *without the use of a plastic bag or liner*" and that the recycling collection and transport process is "designed to work without such bags." (FAC ¶ 29.)

The Court agrees with Reynolds that these allegations distinguish the instant case from *Davidson*. In *Davidson*, the plaintiff alleged a continued desire to purchase flushable wipes based on her belief that it would be easier and more sanitary to flush wipes than to dispose of them in the garbage. Here, in contrast, Plaintiff has not alleged any underlying belief in the utility of the recycling bags, either generally or as pertains to her own recycling experience, that supports her alleged desire to purchase recycling bags in the future. Instead, Plaintiff alleges that recyclables should be placed in a bin without a plastic bag and that recycling collection is designed to work without recycling bags. The import of Plaintiff's allegations is that recycling bags are superfluous to the recycling process regardless of the recyclability of the bag itself. That is, even if Reynolds were to reengineer the bags so they were capable of being recycled, it is implausible that Plaintiff

would wish to purchase Reynolds' recycling bags in the future in light of her allegations that recycling bags in general add no benefit the recycling collection and transport process. Thus, unlike in *Davidson*, there are "grounds in the FAC to discount [Plaintiff's] stated intent to purchase the bags in the future." 889 F.3d at 971 (quoting *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 533 (N.D. Cal. 2012)).[2]

In opposition, Plaintiff contends her alleged desire to purchase a true "Recycling" bag in the future is not implausible. She asserts that she "bought and used the bags because she believed that using a bag for recycling was more convenient and cleaner than directly placing the waste in her bin or using non-recyclable bags." (Opp. at 8.) However, this fact is not alleged in the complaint. Accordingly, the Court cannot consider it in ruling on this motion. *Ketayi v. Health Enrollment Grp.*, No. 20-cv-1198-GPC-KSC, 2021 WL 2864481, at *9 (S.D. Cal. July 8, 2021) (court cannot consider facts that are not alleged in the complaint).

For these reasons, the Court finds Plaintiff fails to allege facts establishing Article III standing to pursue injunctive relief and GRANTS Reynolds' motion on this basis. Because Reynolds raised this issue for the first time in this motion and because the Court cannot say amendment would be futile, the Court GRANTS Plaintiff leave to amend.

### D. Plaintiff Cannot Pursue Claims Based on Reynolds' Website.

Reynolds again moves to dismiss Plaintiff's claims to the extent they are premised on representations that appear on the website because Plaintiff still does not allege that she viewed the website. Plaintiff's website allegations remained unchanged in the FAC. However, as in her prior motion to dismiss, Plaintiff states that she is not pursuing separate claims based on representations on Reynolds' website but maintains that these allegations are relevant to her other causes of action and requests for relief, including those that require scienter. Accordingly, the Court GRANTS the motion to dismiss Plaintiff's claims to the extent they are premised on alleged

---

[2] For this reason, the other cases Plaintiff cites in opposition are similarly distinguishable. Those cases focused on whether the plaintiffs sufficiently alleged an ongoing desire to purchase the challenged products under *Davidson*. They did not address a situation where, like here, the defendants challenged the plausibility of the plaintiffs' allegations that they intended to purchase the product in the future.

misrepresentations on Reynolds' website with prejudice. However, although not separately actionable, the Court recognizes that these allegations may have relevance to Plaintiff's other causes of action and requests of relief in this proceeding.

### E. Plaintiff Does Not Allege an Omission Claim Based on a Duty to Disclose.

Reynolds also moves to dismiss Plaintiff's omission theory based on a duty to disclose. The Court previously dismissed Plaintiff's fraudulent omissions theory based on a duty to disclose because Plaintiff failed to allege a defect going to the central function of the product. Plaintiff includes no new allegations to support a fraud-by-omission cause of action in the FAC and concedes that she is no longer asserting an omission claim based on a duty to disclose. Accordingly, the Court GRANTS Reynolds' motion to dismiss Plaintiff's fraud-by-omission claim based on a duty to disclose with prejudice. As the Court previously stated, however, Plaintiff's fraud-by-omission claims survive to the extent they are based on Defendants' affirmative misrepresentations.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Reynolds' motion to dismiss. Should Plaintiff choose to file an amended complaint to address the deficiencies related to her standing to seek injunctive relief, she may do within twenty-one days.

**IT IS SO ORDERED.**

Dated: January 21, 2022

_____
JEFFREY S. WHITE
United States District Judge