JENNER & BLOCK LLP
Kate T. Spelman (Cal. Bar No. 269109)
kspelman@jenner.com
Alexander M. Smith (Cal. Bar No. 295187)
asmith@jenner.com
Madeline P. Skitzki (Cal. Bar No. 318233)
mskitzki@jenner.com
Effiong K. Dampha (Cal. Bar No. 323554)
edampha@jenner.com
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071-2054
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Attorneys for Defendants
Reynolds Consumer Products Inc.
and Reynolds Consumer Products LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LISABETH HANSCOM, on behalf of herself and those similarly situated,

Plaintiffs,

v.

REYNOLDS CONSUMER PRODUCTS INC. and REYNOLDS CONSUMER PRODUCTS LLC,

Defendants.

Case No. 3:21-cv-03434-JSW

The Honorable Jeffrey S. White

**NOTICE OF MOTION AND MOTION TO DISMISS PORTIONS OF SECOND AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS & AUTHORITIES**

Hearing Date: July 29, 2022
Hearing Time: 9:00 a.m.
Courtroom: 5 (Oakland)

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on July 29, 2022 at 9:00 a.m., or as soon thereafter as the Court is available, in Courtroom 5 of the federal courthouse located at 1301 Clay Street, Oakland, CA 94612, Reynolds Consumer Products Inc. and Reynolds Consumer Products LLC (collectively "Reynolds") will, and hereby do, move pursuant to Federal Rule of Civil Procedure 12(b)(1) for an order dismissing Plaintiff Lisabeth Hanscom's Second Amended Complaint to the extent it seeks injunctive relief. Because this Court has already dismissed Plaintiff's claims with prejudice to the extent they seek restitution as opposed to money damages, this motion—if granted—would necessarily require the dismissal of Plaintiff's claims under the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*, as the remedies available under those statutes are limited to injunctive relief and restitution.

Reynolds's Motion is based on this Notice of Motion and Motion, the following Memorandum of Points and Authorities, any additional briefing on this subject (including Reynolds's reply brief), and the evidence and arguments that will be presented to the Court at the hearing on this matter.

DATED: June 10, 2022

JENNER & BLOCK LLP

By: /s/ Kate T. Spelman
Kate T. Spelman

Attorneys for Defendants
Reynolds Consumer Products Inc. and
Reynolds Consumer Products LLC

**TABLE OF CONTENTS**

INTRODUCTION AND STATEMENT OF ISSUES ....... 1

RELEVANT BACKGROUND ....... 1

ARGUMENT ....... 3

I. Plaintiff Lacks Standing to Seek Injunctive Relief Because Her Allegations About the Utility of Recycling Bags Foreclose any Credible Threat of Future Harm. ....... 3

II. This Court Should Dismiss Plaintiff's UCL and FAL Claims in Their Entirety. ....... 6

CONCLUSION ....... 7

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595 (9th Cir. 2014) .......... 4

*Anthony v. Pharmavite*, No. 18-02636, 2019 WL 109446 (N.D. Cal. Jan. 4, 2019) .......... 5

*Axelrod v. Lenovo (U.S.) Inc.*, No. 21-6770, 2022 WL 976971 (N.D. Cal. Mar. 31, 2022) .......... 6

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) .......... 3

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018) .......... 3, 5, 6

*Ketayi v. Health Enrollment Grp.*, No. 20-1198, 2021 WL 2864481 (S.D. Cal. July 8, 2021) .......... 3, 6

*Krottner v. Starbucks Corp.*, 628 F.3d 1139 (9th Cir. 2010) .......... 3

*Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) .......... 4

*Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x 590 (9th Cir. 2018) .......... 3, 6

*Levay v. AARP, Inc.*, No. 17-9041, 2018 WL 5794456 (C.D. Cal. Nov. 2, 2018) .......... 3, 6

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .......... 3

*Miller v. Yokohama Tire Corp.*, 358 F.3d 616 (9th Cir. 2004) .......... 7

*Min Sook Shin v. Umeken USA, Inc.*, 773 F. App'x 373 (9th Cir. 2019) .......... 5

*Morizur v. Seaworld Parks & Entm't, Inc.*, No. 15-2172, 2020 WL 6044043 (N.D. Cal. Oct. 13, 2020) .......... 3

*Pardini v. Unilever U.S., Inc.*, No. 13-1675, 2021 WL 8153616 (N.D. Cal. Sept. 27, 2021) .......... 6

*Reddy v. Litton Indus., Inc.*,
912 F.2d 291 (9th Cir. 1990) ....................4

*Russell v. Rolfs*,
893 F.2d 1033 (9th Cir. 1990) ....................4

*TopDevz, LLC v. LinkedIn Corp.*,
No. 20-8324, 2021 WL 6113003 (N.D. Cal. Dec. 27, 2021)....................7

*In re Vioxx Class Cases*,
180 Cal. App. 4th 116 (2009) ....................6

**Statutes**

Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* ....................1

False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*....................1, 6, 7

Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ....................1, 6, 7

**INTRODUCTION AND STATEMENT OF ISSUES**

From the outset of this case, Plaintiff has insisted that recycling bags should play no role in the recycling process. As this Court noted in its prior Order dismissing Plaintiff's claims for injunctive relief, that assertion forecloses any plausible allegation that she is likely to purchase Hefty recycling bags in the future, even if Reynolds changed their labeling or composition. *See* ECF No. 55 ("Order") at 7–9. Neither Plaintiff's attempt to recant this allegation nor the other changes in her Second Amended Complaint ("SAC") can overcome this fatal flaw, and the smattering of new allegations in her SAC do not come close to establishing that Reynolds's sale of recycling bags poses any credible threat of future harm to Plaintiff.

Plaintiff has now had multiple opportunities to plead an entitlement to injunctive relief. Because she has not done so, this Court should dismiss her claims with prejudice to the extent they seek injunctive relief. And because this Court has already dismissed Plaintiff's claims with prejudice to the extent they seek restitution as opposed to money damages, it should dismiss her claims under the Unfair Competition Law ("UCL") and False Advertising Law ("FAL") with prejudice, as Plaintiff has not plausibly alleged any entitlement to restitution or injunctive relief—the only remedies these two statutes authorize.

**RELEVANT BACKGROUND**

As explained at length in Reynolds's earlier motions to dismiss, this case concerns Hefty recycling bags, which are transparent, plastic recycling bags required by municipalities throughout the country. The crux of Plaintiff's lawsuit is that the labeling of Hefty recycling bags allegedly misleads consumers into believing that Hefty recycling bags are both "recyclable" and "suitable for disposing of recyclable waste." SAC ¶ 3. Based on that theory of deception, Plaintiff asserts claims for: (1) violations of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*; (2) violations of the FAL, Cal. Bus. & Prof. Code §§ 17500 *et seq.*; (3) "fraud, deceit, and/or misrepresentation"; (4) negligent misrepresentation; and (5) violations of the UCL, Cal. Bus. & Prof. Code §§ 17200 *et seq*. *See* SAC ¶¶ 52–102.

Although this Court permitted Plaintiff's theory of mislabeling to proceed past the pleading stage, it dismissed Plaintiff's claims to the extent they sought restitution and injunctive relief. *See* Order at 2–9. In so holding, the Court agreed that "Plaintiff's alleged ongoing desire to purchase its recycling bags is implausible because . . . Plaintiff alleges that 'recyclables should be clean and dry and should be placed in

a collection bin *without the use of a plastic bag or liner*' and that the recycling collection and transport process is 'designed to work without such bags.'" Order at 7 (emphasis in original). As the Court reasoned:

> Plaintiff has not alleged any underlying belief in the utility of the recycling bags, either generally or as pertains to her own recycling experience, that supports her alleged desire to purchase recycling bags in the future. Instead, Plaintiff alleges that recyclables should be placed in a bin without a plastic bag and that recycling collection is designed to work without recycling bags. The import of Plaintiff's allegations is that recycling bags are superfluous to the recycling bags regardless of the recyclability of the bag itself. That is, even if Reynolds were to reengineer the bags so they were capable of being recycled, it is implausible that Plaintiff would wish to purchase Reynolds' recycling bags in the future in light of her allegations that recycling bags in general add no benefit to the recycling collection and transport process.

*Id.* at 7–8. The Court nonetheless granted Plaintiff leave to amend "to address the deficiencies related to her standing to seek injunctive relief." *Id.* at 9. Plaintiff then filed her SAC, which is identical to her First Amended Complaint ("FAC") with three exceptions:

| First Amended Complaint | Second Amended Complaint |
|---|---|
| "As a general rule, recyclables should be clean and dry and should be placed directly in a collection bin without the use of a plastic bag or liner."<br><br>FAC ¶ 29. | "As a general rule, recyclables should be clean and dry and should be placed directly in a collection bin ~~without the use of a plastic bag or liner~~."<br><br>SAC ¶ 29 (deleted text struck through). |
| "Accordingly, the Products are not beneficial to either the collection or transport processes, which are designed to work without such bags."<br><br>FAC ¶ 29. | "~~Accordingly,~~ **Because the Products are made of LDPE film, and for the other reasons addressed above**, the Products are not beneficial to either the collection or transport process, which are ~~designed to work without~~ **not currently designed to work with** such bags."<br><br>SAC ¶ 29 (deleted text struck through and new text bolded). |
| "Plaintiff Hanscom continues to desire to purchase from Defendants trash bags that are suitable for recycling and are recyclable."<br><br>FAC ¶ 41. | "Plaintiff Hanscom continues to desire to purchase from Defendants trash bags that are suitable for recycling and recyclable **because it is her belief that such a product would be cleaner and more convenient than directly disposing of her recyclable waste into her curbside recycling bin**."<br><br>SAC ¶ 41 (new text bolded). |

As explained in more detail below, these superficial, cosmetic changes to Plaintiff's SAC do not come close to establishing that she has standing to seek injunctive relief.

## ARGUMENT

### I. Plaintiff Lacks Standing to Seek Injunctive Relief Because Her Allegations About the Utility of Recycling Bags Foreclose any Credible Threat of Future Harm.

To establish standing to seek injunctive relief, Plaintiff must plausibly allege a "credible threat of real and immediate harm" in the future. *Levay v. AARP, Inc.*, No. 17-9041, 2018 WL 5794456, at *3 (C.D. Cal. Nov. 2, 2018) (quoting *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1143 (9th Cir. 2010)) (internal quotation marks omitted); *see City of Los Angeles v. Lyons*, 461 U.S. 95, 110 (1983) (noting that a plaintiff must establish a "real and immediate threat" of future injury to seek injunctive relief). The purported "threat of future injury cannot be 'conjectural or hypothetical' but must be 'certainly impending.'" *Morizur v. Seaworld Parks & Entm't, Inc.*, No. 15-2172, 2020 WL 6044043, at *12 (N.D. Cal. Oct. 13, 2020) (White, J.) (quoting *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018)).

When a plaintiff seeks injunctive relief after alleging she was previously misled by the defendant's labeling, that plaintiff must—at a minimum—"indicate some sort of intent to be in the market for the challenged products in the future." *Ketayi v. Health Enrollment Grp.*, No. 20-1198, 2021 WL 2864481, at *8 (S.D. Cal. July 8, 2021). A plaintiff can satisfy this standard by plausibly alleging that "she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Davidson*, 889 F.3d at 969–70. But mere "profession of an intent. . . is simply not enough." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 565 (1992) (alterations omitted). Rather, the professed intent must be coupled with "facts sufficient to demonstrate that the injury will proceed with a high degree of immediacy." *Levay*, 2018 WL 5794456, at *3. As the Ninth Circuit has explained, a "some day intention—without any description of concrete plans, or even any specification of when the some day will be—does not support a finding of the actual or imminent injury that Article III requires." *Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x. 590, 591 (9th Cir. 2018) (citation, internal quotation marks, and alterations omitted).

Here, Plaintiff alleges that she "continues to desire to purchase from Defendants trash bags that are suitable for recycling and recyclable because it is her belief that such a product would be cleaner and more

convenient than directly disposing of her recyclable waste into her curbside recycling bin." SAC ¶ 41. But it is impossible to reconcile that allegation with her earlier allegation—which appeared in both her initial complaint and her FAC—that "recyclables . . . should be placed directly in a collection bin *without the use of a plastic bag or liner*." Compl. ¶ 29 (emphasis in original), FAC ¶ 29 (emphasis in original). Plaintiff attempts to walk back that allegation by deleting the words "*without the use of a plastic bag or liner*" from her SAC and alleging that the use of a recycling bag would be "cleaner and more convenient than directly disposing of her recyclable waste into her curbside recycling bin." SAC ¶¶ 29, 41. But the deletion of the phrase "without the use of a plastic bag or liner" does not meaningfully change the import of this allegation, as Plaintiff still alleges that recyclables "should be placed directly in a collection bin"—*i.e.*, *not* into a recycling bag. *Id.* ¶ 29.

Moreover, as the Ninth Circuit has repeatedly made clear, a "party cannot amend pleadings to 'directly contradict[] an earlier assertion made in the same proceeding.'"[1] *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)). That principle forecloses Plaintiff's attempted retreat from her earlier allegations about the use of recycling bags. In dismissing her claim for injunctive relief, this Court specifically cited Plaintiff's allegation that recyclables should be placed "directly in a collection bin without the use of a plastic bag or liner" (FAC ¶ 29) in concluding that she lacked standing to seek injunctive relief. *See* Order at 7–8 ("Plaintiff alleges that recyclables should be placed in a bin without a plastic bag and that recycling collection is designed to work without recycling bags. The import of Plaintiff's allegations is that recycling bags are superfluous to the recycling bags regardless of the recyclability of the bag itself."). Plaintiff cannot avoid that result by simply deleting the phrase "without the use of a plastic bag or liner" from her SAC.

Even if the Court looked past Plaintiff's artful pleading, the allegations of her SAC still do not support her allegation that she is likely to purchase recycling bags in the future. In particular, Plaintiff continues to allege that "bagged recyclables" are not suitable for recycling, as "[m]ost MRFs [municipal

[1] *See also, e.g.*, *Lacey v. Maricopa County.*, 693 F.3d 896, 939 (9th Cir. 2012) (noting that facts alleged in an amended complaint "must not be inconsistent with those already alleged"); *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 297 (9th Cir. 1990) (noting that an "amended complaint may allege only other facts consistent with the challenged pleading") (citation and internal quotation marks omitted).

recycling facilities] . . . simply throw bagged recyclables directly into trash." SAC ¶ 29. She also alleges that "many MRFs do not accept plastic bags at all," regardless of the recyclability of the plastic. *Id.* ¶ 25. And she alleges that bags made of plastics #3–7—such as Hefty recycling bags—are effectively unrecyclable because there is no market for those plastics. *See id.* ¶¶ 4, 24. The upshot of those allegations (assuming they are true for purposes of this motion) is that Hefty recycling bags are effectively unrecyclable, regardless of their composition or how they are labeled. Indeed, as the Court noted in its prior Order, Plaintiff alleges that recycling bags are "superfluous" to the recycling process—which means it is implausible that she would seek to purchase them again in the future. Order at 7–8; *see also, e.g.*, *Anthony v. Pharmavite*, No. 18-02636, 2019 WL 109446, at *6 (N.D. Cal. Jan. 4, 2019) (dismissing injunctive relief claim with prejudice where the plaintiff alleged that the defendant's product was "unneeded, superfluous, and will not provide any benefits"); *Min Sook Shin v. Umeken USA, Inc.*, 773 F. App'x 373, 375 (9th Cir. 2019) (affirming dismissal of claim for injunctive relief where the plaintiff alleged that the defendant's product was "worthless").

*Davidson*'s general rule that a "previously deceived consumer" can seek injunctive relief based on her alleged "inability to rely on the advertising in the future" does not change this result. 889 F.3d at 967. There, the Ninth Circuit held that the plaintiff had standing to seek injunctive relief because she alleged a "desire to purchase [the defendant's] flushable wipes" and asserted that she would do so if she knew that the wipes were, in fact, flushable. *Id.* at 971. Critically, in reaching this conclusion, the Ninth Circuit observed that the plaintiff's complaint was "devoid of any grounds to discount [her] stated intent to purchase [the wipes] in the future." *Id.* (citation and internal quotation marks omitted) (second alteration in original). Here, however, Plaintiff alleges that the use of recycling bags is fundamentally incompatible with the recycling process—which means it is implausible that she will purchase Hefty recycling bags in the future, even if their labeling or composition changed. *See* Order at 8 ("Thus, unlike in *Davidson*, there are 'grounds in the FAC to discount [Plaintiff's] stated intent to purchase the bags in the future.'") (quoting *Davidson*, 889 F.3d at 971).

Moreover, while Plaintiff alleges that she would purchase Hefty recycling bags in the future if they were "suitable for recycling" and "recyclable" (SAC ¶ 41), she also alleges that municipal recycling facilities are currently unable to recycle goods that are stored in plastic bags—whether those bags are

recyclable or not. *See id.* ¶ 25 (alleging that "many MRFs do not accept plastic bags at all"); *id.* ¶ 29 (alleging that "the collection [and] transport processes . . . are not currently designed to work with [recycling] bags" and that "[m]ost MRFs . . . simply throw bagged recyclables directly into trash"). In contrast to the defendant in *Davidson*, which could allegedly re-engineer its wipes so that they could be "flushable," according to Plaintiff's allegation Reynolds cannot re-engineer its recycling bags to be "suitable for recycling" or "recyclable" without industry-wide changes to the recycling process—or, at a minimum, changes by a critical mass of municipal recycling facilities. And because Plaintiff cannot reliably predict whether (and when) the recycling industry will make the alleged changes necessary for recycling bags to become "recyclable" and "suitable for recycling," she cannot plausibly allege that she faces a "credible threat of real *and immediate* harm." *Levay*, 2018 WL 5794456, at *3 (emphasis added); *see also Lanovaz*, 726 F. App'x at 591 (holding that a professed intention of purchasing a product someday in the future is insufficient to establish standing to seek injunctive relief absent "any specification of *when* the some day will be") (emphasis in original).

Given the allegations of her SAC, as well as the express allegations in her prior two complaints that recyclable goods should be placed in a recycling bin "without the use of a plastic bag or a liner," it is utterly implausible that Plaintiff "inten[ds] to be in the market for the challenged products in the future." *Ketayi*, 2021 WL 2864481, at *8. And even if Plaintiff were correct that she might purchase recycling bags at some point in the future if they became compatible with the recycling process, this "some day intention" is not remotely sufficient to entitle Plaintiff to seek injunctive relief. *Lanovaz*, 726 F. App'x at 591. This Court should accordingly dismiss Plaintiff's claims to the extent they seek injunctive relief.

## II. This Court Should Dismiss Plaintiff's UCL and FAL Claims in Their Entirety.

Under California law, "[i]t is well-established that claims for relief under the FAL and UCL are limited to restitution and injunctive relief." *Axelrod v. Lenovo (U.S.) Inc.*, No. 21-6770, 2022 WL 976971, at *2 (N.D. Cal. Mar. 31, 2022) (White, J.); *accord In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 130 (2009) ("The remedies available in a UCL or FAL action are limited to injunctive relief and restitution."). This Court has previously dismissed Plaintiff's claims with prejudice to the extent they seek restitution as opposed to money damages. *See* Order at 9. Accordingly, if this Court dismisses Plaintiff's claim for injunctive relief, there is no remedy this Court could award Plaintiff under the UCL or FAL, and this Court

should dismiss those claims in their entirety. *See, e.g.*, *Pardini v. Unilever U.S., Inc.*, No. 13-1675, 2021 WL 8153616, at *4 (N.D. Cal. Sept. 27, 2021) (White, J.) (granting motion for summary judgment on UCL and FAL claims where the plaintiffs had failed to establish an entitlement to equitable relief); *TopDevz, LLC v. LinkedIn Corp.*, No. 20-8324, 2021 WL 6113003, at *6, *9 (N.D. Cal. Dec. 27, 2021) (dismissing UCL and FAL claims in their entirety when the plaintiffs failed to plead an entitlement to equitable relief).

**CONCLUSION**

This Court should grant Reynolds's motion to dismiss. Because Plaintiff has now had multiple opportunities to plead an entitlement to injunctive relief and has failed to do so, this Court should dismiss her claims for injunctive relief—including her claims under the UCL and FAL in their entirety—with prejudice and without further leave to amend. *See generally Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (noting that a district court has "particularly broad" discretion to deny leave to amend when a plaintiff has already amended his complaint) (citation omitted).

DATED: June 10, 2022

JENNER & BLOCK LLP

By: /s/ Kate T. Spelman
Kate T. Spelman

Attorneys for Defendants
Reynolds Consumer Products Inc. and
Reynolds Consumer Products LLC