UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISABETH HANSCOM,<br><br>    Plaintiff,<br><br>v.<br><br>REYNOLDS CONSUMER PRODUCTS LLC, et al.,<br><br>    Defendants. | Case No. 21-cv-03434-JSW<br><br>**ORDER DENYING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 61 |

Now before the Court for consideration is the motion to dismiss the second amended complaint ("SAC") filed by defendants Reynolds Consumer Products Inc., and Reynolds Consumer Products LLC (collectively, "Reynolds" or "Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court DENIES Reynolds' motion.

**BACKGROUND**

Plaintiff Lisabeth Hanscom ("Plaintiff") alleges that the labeling of Reynolds' recycling bags misleads consumers into believing that the bags are recyclable and suitable for disposing of recyclable waste. Plaintiff asserts claims for: (1) violations of California's Consumers Legal Remedies Act, sections 1750 *et seq.*; (2) violations of California's False Advertising Law, Business and Professions Code sections 17500 *et seq.*; (3) "fraud, deceit, and/or misrepresentation"; (4) negligent misrepresentation; and (5) violations of California's Unfair Competition Law, Business and Professions Code sections 17200 *et seq*. The allegations in this case are more fully addressed in this Court's Order granting, in part, and denying, in part, Reynolds' motion to dismiss the original complaint. (Dkt. No. 41.)

On January 21, 2022, the Court dismissed Plaintiff's claims for equitable relief to the extent they sought restitution on the basis that Plaintiff failed to allege that she lacked an adequate remedy at law. (Dkt. No. 55 ("1/21/22 Order").) The Court also found Plaintiff's allegations failed to establish her standing to seek injunctive relief. (*Id*.) The Court granted Plaintiff leave to amend with regard to standing to pursue injunctive relief.

Plaintiff filed the SAC on May 11, 2022. (Dkt. No. 60.) Plaintiff makes the following amendments:

| **Allegations in First Amended Complaint** | **Amended Allegations in SAC** |
|---|---|
| "As a general rule, recyclables should be clean and dry and should be placed directly in a collection bin without the use of a plastic bag or liner." FAC ¶ 29 | "As a general rule, recyclables should be clean and dry and should be placed directly in a collection bin ~~without the use of a plastic bag or liner~~." SAC ¶ 29 |
| "Accordingly, the Products are not beneficial to either the collection or transport processes; which are designed to work without such bags." FAC ¶ 29 | "~~Accordingly,~~ **Because the Products are made of LDPE film, and for the other reasons discussed above,** the Products are not beneficial to either the collection or transport processes, which are ~~designed to work without~~ **not currently designed to work with** such bags." SAC ¶ 29 |
| "Plaintiff Hanscom continues to desire to purchase from Defendants trash bags that are suitable for recycling and are recyclable." FAC ¶ 41 | "Plaintiff continues to desire to purchase from Defendants trash bags that are suitable for recycling and recyclable **because it is her belief that such a product would be cleaner and more convenient than directly disposing of her recyclable waste into her curbside recycling bin.**" SAC ¶ 41 |

On June 1, 2022, Reynolds filed the present motion arguing that the SAC again fails to establish Plaintiff's standing to seek injunctive relief.

The Court will address additional facts as necessary in the analysis.

## ANALYSIS

To establish standing to seek injunctive relief, a plaintiff must "demonstrate that [she] has suffered or is threatened with a 'concrete and particularized' legal harm, coupled with a 'sufficient likelihood that [she] will again be wronged in a similar way.'" *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560

1  (1992); *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). The purported "threat of future
2  injury cannot be 'conjectural or hypothetical' but must be 'certainly impending.'" *Morizur v.
3  Seaworld Parks & Entm't, Inc.*, No. 15-2172, 2020 WL 6044043, at *12 (N.D. Cal. Oct. 13, 2020)
4  (quoting *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018)). Under *Davidson*,
5  a consumer can establish Article III standing by plausibly alleging "that she will be unable to rely
6  on the product's advertising or labeling in the future, and so will not purchase the product
7  although she would like to." *Davidson*, 889 F.3d at 970.

8        In its prior Order granting Reynolds' motion to dismiss for lack of Article III standing, the
9  Court found Plaintiff's allegations that she continued to desire to purchase Defendants' recycling
10 bags implausible. Although Plaintiff alleged she wanted to buy recycling bags from Reynolds in
11 the future and would be deterred from doing so because she would be unable to determine the
12 truthfulness of the "Recycling" label, the FAC elsewhere alleged that "recyclables should be clean
13 and dry and placed in a collection bin without the use of a plastic bag or liner" and that the
14 recycling collection and transport process is "designed to work without such bags." (FAC ¶ 29.)
15 Thus, the Court concluded Plaintiff's alleged desire to purchase the bags again in the future was
16 implausible because the allegations suggested that recycling bags had no role in the recycling
17 process regardless of the recyclability of the bag itself. The Court distinguished the allegations in
18 the FAC from those in *Davidson* where the plaintiff's continued desire to purchase flushable
19 wipes was based on her belief in the wipes' utility. In contrast, in the FAC, Plaintiff did not allege
20 "any underlying belief in the utility of the recycling bags, either generally or as pertain[ed] to her
21 own recycling experience…" (1/21/22 Order at 7:22-23.) Because there were "grounds in the
22 FAC to discount [Plaintiff's] stated intent to purchase bags in the future," Plaintiff's allegation that
23 she continued to desire to purchase Defendants' bags in the future was implausible. (*Id*. at 8:3-4).

24       Plaintiff's amendments have cured this deficiency. Plaintiff now alleges that she continues
25 to desire to purchase bags that are suitable for recycling and are recyclable because she believes
26 such bags would be cleaner and more convenient than placing her recyclables directly into the bin.
27 (*See* SAC ¶ 41.) Additionally, Plaintiff's amendments clarify that recycling bags are not currently
28 beneficial to the recycling process because the collection and transport process is not designed to

3

work with bags made from LDPE plastics.  Whereas the FAC suggested that recycling bags in general added no benefit to the recycling collection and transport process, the SAC makes clear that the issue is with recycling bags as currently designed.

Reynolds argues that Plaintiff's amendments contradict her earlier pleadings.  According to Reynolds, Plaintiff's allegation that she believes recycling bags would be cleaner and more convenient than placing her recyclables directly into the bin cannot be reconciled with her earlier allegation that "recyclables…should be placed directly in a collection bin *without the use of a plastic bag or liner*."  (FAC ¶ 29.)  The Court does not find Plaintiff's amendments inconsistent with her earlier pleadings.[1]  At this stage of the proceedings, drawing inferences in Plaintiff's favor, the Court finds Plaintiff's amendments clarify, but do not contradict, her earlier allegations.  Plaintiff's allegation that she believes recycling bags would offer convenience and cleanliness to her recycling experience is not a retreat from her earlier allegation that recyclables should be placed directly in a collection bin without a bag or liner.  She has clarified that allegation expresses a general rule that exists because recycling bags *as currently designed* are incompatible with the collection and transport process.  The allegation does not foreclose the possibility that recycling bags could benefit the recycling process if they were reformulated to be recyclable, and Plaintiff has now expressly alleged her belief that such bags would provide convenience and cleanliness to her recycling.  As amended, the SAC does not give the Court grounds "to discount [Plaintiff's] stated intent to purchase bags in the future."  (1/21/22 Order at 8:3-5.)  Plaintiff has plausibly alleged her desire to purchase the recycling bags in the future.

Reynolds also argues that even if the Court accepts Plaintiff's amendments, the SAC still precludes standing for injunctive relief because Plaintiff continues to allege that plastic bags are not compatible with municipal recycling programs.  Because Reynolds' bags—regardless of their

---

[1] The Court notes that Ninth Circuit precedent is inconsistent as to whether an amended pleading may contradict earlier pleadings.  *Compare Air Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) ("A party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding."), *with PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007) ("The short of it is that there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent pleadings...").

composition or labeling—will remain effectively unrecyclable absent industry-wide changes to the recycling process, it is implausible that Plaintiff would purchase Reynolds' recycling bags in the future. The Court finds this argument unpersuasive. Plaintiff's allegations about the plastic bag policies at municipal recycling facilities reflect issues related to LDPE bags, not a blanket assertion that recycling bags will never be acceptable at such facilities.

Reynolds also asserts that because Plaintiff cannot reliably predict if and when the recycling industry will make the changes necessary for recycling bags to become suitable for recycling, she cannot allege a credible threat of real and immediate harm. Accepting this argument, however, would go beyond the pleading requirements set forth in *Davidson*. Plaintiff has plausibly alleged an inability to rely on the truth of the labeling of Defendants' recycling bags despite her desire to purchase truly recyclable bags. Under *Davidson*, this is sufficient to confer standing.

The Court concludes Plaintiff's amendments have cured the defects in her earlier pleading with regard to her standing to seek injunctive relief.

## CONCLUSION

For the foregoing reasons, the Court DENIES Reynolds' motion.

**IT IS SO ORDERED.**

Dated: August 18, 2022

_____
JEFFREY S. WHITE
United States District Judge